United States District Court
Middle District of Florida
Orlando Division

MATTHEW LAROSIERE and JOHN ELIK,

Plaintiffs,

v. Case No. 6:26-cv-2173

CODY RUTLEDGE WILSON; DEFCAD, INC.;
DEFENSE DISTRIBUTED; AND
DD FOUNDATION LLC,

Defendants.

---

**Defendant DD Foundation LLC's**
**Rule 12 Motion to Dismiss and**
**Alternative Motion to Stay Pending Arbitration**

Defendant DD Foundation LLC moves to dismiss the complaint under Rule 12(b)(2) for lack of personal jurisdiction. Alternatively, and subject to that motion, DD Foundation LLC moves under § 3 of the Federal Arbitration Act to stay all claims against it pending binding arbitration in Texas, and requests an order compelling arbitration under § 4 to the extent permitted. If necessary to enforce the agreed arbitral forum, DD Foundation LLC alternatively requests transfer of the arbitrable claims to the Western District of Texas. In the further alternative, and subject to those requests, DD Foundation LLC moves to dismiss the complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## I. Rule 12(b)(2): The case should be dismissed for lack of jurisdiction.

DD Foundation LLC first seeks dismissal of all claims against it under Rule 12(b)(2) for lack of personal jurisdiction. If the Court grants that request, it should not reach the remaining requests in this motion.

Under Rule 12(b)(2), all five counts against DD Foundation LLC—Counts 3, 7, 11, 15, and 19—should be dismissed because the Court lacks personal jurisdiction over DD Foundation LLC. At this juncture, Plaintiffs must allege facts establishing a prima facie jurisdictional basis for each defendant. *E.g.*, *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013). The complaint fails to do so as to DD Foundation LLC, warranting immediate dismissal.

**A. General jurisdiction does not exist.**

No serious case for general personal jurisdiction over DD Foundation LLC can be made, and none has been made. General jurisdiction requires affiliations rendering an entity essentially at home in the forum; its paradigm instances are the place of organization and principal place of business. *See, e.g.*, *Daimler AG v. Bauman*, 571 U.S. 117, 137–39 & n.19 (2014). None of that exists here.

The complaint identifies DD Foundation LLC as a Texas limited liability company with an Austin registered office. Doc. 1 at 3, ¶ 10; Doc. 1 at 4, ¶ 16. It alleges neither a Florida principal place of business nor Florida operations comparable to a corporate home. Though it alleges that affiliated businesses serve Florida customers and share revenues, Doc. 1 at 9, ¶ 47, such commercial activity does not make an entity at home in a State. *See, e.g.*, *Daimler*, 571 U.S. at 138–39.

**B. Specific jurisdiction does not exist.**

Specific personal jurisdiction is the complaint's only attempted way of getting at DD Foundation LLC. It alleges that "DD Foundation is subject to specific personal jurisdiction through its knowing participation, under Wilson's direction, in the integrated business directed to Florida and, alternatively, through the supported alter-ego relationships alleged in paragraphs 12 through 35." Doc. 1 at 10, ¶ 52.

Specific personal jurisdiction exists only if the action arises out of conduct that constitutes a defendant's purposeful availment of the forum itself. *E.g.*, *Walden v. Fiore*, 571 U.S. 277, 284 (2014). That test is not met here as to any defendant and is certainly not met as to DD Foundation LLC. Plaintiffs' contrary effort violates two of the key rules upheld by the Supreme Court in *Walden*.

First, *Walden* makes specific jurisdiction over DD Foundation LLC impossible to sustain here by reaffirming a longstanding rule about whose contacts matter: Contacts count towards purposeful availment only if they are created by the "defendant himself"—not if they are created by "plaintiffs or third parties." *Walden*, 571 U.S. at 284. The complaint violates this by linking jurisdiction over DD Foundation LLC to the Florida connections of "plaintiffs or third parties."

Second, *Walden* makes specific jurisdiction impossible to sustain here by holding that "'minimum contacts' analysis looks to the defendant's contacts with *the forum State itself*, not the defendant's contacts with *persons who reside there*." *Walden*, 571 U.S. at 285. As to DD Foundation LLC, this complaint is focused entirely on the latter and says nothing about the former.

These two fundamental faults pervade the complaint's jurisdictional analysis. The complaint identifies no Florida conduct by DD Foundation LLC itself and instead relies on conclusory assertions, unsupported information-and-belief allegations, and collective descriptions of the defendants' operations. Neither shared

revenues nor allegations of agency and alter ego supply the missing basis for attributing another defendant's Florida contacts to DD Foundation LLC.

### 1. The complaint never alleges that DD Foundation LLC in particular did anything in Florida.

The complaint contains no Florida-based allegations about DD Foundation LLC in particular. The only alleged conduct attributed to DD Foundation LLC in particular occurred in Texas.

The operative allegations concern the other defendants in particular, and nearly all of their conduct was in Texas. It alleges that "DEFCAD supplies the website and file-distribution infrastructure and publishes the accused project pages," Doc. 1 at 4, ¶ 20, that "Defense Distributed supplies personnel and promotes the file sharing business through its membership operation and communications," Doc. 1 at 5, ¶ 21, and that those personnel act "for Defense Distributed and at Wilson's direction." Doc. 1 at 5, ¶ 21. None of this involves DD Foundation LLC.

### 2. The conclusory allegations fail.

Conclusory allegations of personal jurisdiction are invalid—a nullity that cannot satisfy a Rule 12(b)(2) challenge. *See, e.g.*, *Phoenix Entm't Partners, LLC v. Orlando Beer Garden, Inc.*, No. 6:16-CV-80-ORL-31DAB, 2016 WL 1567590, at *5 (M.D. Fla. Mar. 30, 2016), report and recommendation adopted, No. 6:16-CV-80-ORL-31DAB, 2016 WL 1559164 (M.D. Fla. Apr. 18, 2016); *Scott v. Experian Info. Sols., Inc.*, No. 18-CV-60178, 2018 WL 3360754, at *6 (S.D. Fla. June 29,

2018). Even if plausible and non-speculative, a conclusory jurisdictional allegation is invalid. *See id.*

This objection applies to the assertions attributing conduct, responsibility, or Florida contacts to DD Foundation LLC in complaint paragraphs 10, 22, 47, 52, 107, 163, 176, 177, 198, 199, 200, 225, 226, 228, 253, 254, 256, 279, and 280. Those assertions invoke participation, agency, alter ego, or statutory liability without supplying facts establishing Foundation's role in the challenged conduct. They state the attribution plaintiffs seek, not the factual basis needed to establish it.

Paragraph 52 illustrates the defect. It alleges that "DD Foundation is subject to specific personal jurisdiction through its knowing participation, under Wilson's direction, in the integrated business directed to Florida and, alternatively, through the supported alter-ego relationships alleged in paragraphs 12 through 35." Doc. 1 at 10, ¶ 52. It is conclusory because it announces a jurisdictional result without identifying Foundation's own Florida-directed conduct or explaining why another defendant's contacts belong to Foundation. Describing the asserted alter-ego relationships as "supported" does not supply that support.

Paragraph 225 repeats the defect at the level of the alleged conduct. It alleges that "Wilson acted for and on behalf of DD Foundation as its controlling agent when directing its participation in the knowing provision and distribution of the identified false information." Doc. 1 at 49, ¶ 225. It is conclusory because it labels Wilson as

DD Foundation LLC's agent and Foundation a participant without explaining what Wilson did for Foundation, as distinct from the other entities he allegedly controlled. The agency label assumes the very connection that plaintiffs must establish.

The other listed paragraphs commit the same fault. They declare that Foundation participated, infringed, supplied false information, or used Elik's identity without explaining its role in those acts. Identifying the copyrighted works, describing another defendant's activities, or reciting Foundation's supposed knowledge and intent does not establish that the challenged conduct was Foundation's own or otherwise attributable to it. Repeating those conclusions throughout the complaint does not supply the missing Foundation-specific connection to Florida.

**3. The "information and belief" allegations fail.**

Apart from the rule against conclusory allegations, "allegations stated upon information and belief that do not contain any factual support fail to meet the *Twombly* standard." *Phoenix Entm't Partners, LLC v. Orlando Beer Garden, Inc.*, No. 6:16-CV-80-ORL-31DAB, 2016 WL 1567590, at *5 (M.D. Fla. Mar. 30, 2016), report and recommendation adopted, No. 6:16-CV-80-ORL-31DAB, 2016 WL 1559164 (M.D. Fla. Apr. 18, 2016); *Scott v. Experian Info. Sols., Inc.*, No. 18-CV-60178, 2018 WL 3360754, at *6 (S.D. Fla. June 29, 2018). "While 'information and

belief' pleading can sometimes survive a motion to dismiss, a plaintiff must allege specific facts sufficient to support a claim." *Scott*, 2018 WL 3360754, at *6.

This rule applies to the information-and-belief assertions in complaint paragraphs 10, 16, 22, 47, 177, 200, 225, 253, and 279 insofar as plaintiffs rely on them to attribute the challenged conduct to DD Foundation LLC. Those assertions repeatedly invoke DD Foundation LLC's participation, shared revenues, and agency relationship with Wilson without supplying facts that connect Foundation to the particular acts at issue. Repetition does not supply the missing factual foundation: an unsupported assertion that DD Foundation LLC participated in the enterprise cannot substantiate another unsupported assertion that Wilson committed its alleged torts as Foundation's agent. *See Phoenix Entm't Partners v. Orlando Beer Garden, Inc.*, No. 6:16-CV-80-ORL-31DAB, 2016 WL 1567590, at *5 (M.D. Fla. Mar. 30, 2016).

Paragraph 177 is exemplary. It alleges, "on information and belief," that "Wilson acted for and on behalf of DD Foundation as its controlling agent in that participation, as well as for the other entities." Doc. 1 at 37, ¶ 177. But the supposed Foundation-specific foundation consists of further information-and-belief assertions: paragraph 16 says *on information and belief* that Wilson directs Foundation's enterprise revenues, paragraph 22 says *on information and belief* that the Foundation participates through Wilson in exploiting the works, and paragraph

38 says *on information and belief* that the publications served the entities' shared commercial benefit. Doc. 1 at 4, ¶ 16; Doc. 1 at 5, ¶ 22; Doc. 1 at 7, ¶ 38. None identifies what Foundation did or why Wilson's publication decisions were undertaken for Foundation. Indeed, paragraph 38 places those decisions within the operations of DEFCAD and Defense Distributed. Doc. 1 at 7, ¶ 38. The complaint thus attempts to substantiate the alleged agency by assuming the very participation that the agency allegation is supposed to establish.

Paragraph 225 repeats the same defect for false copyright-management information. It alleges, "on information and belief," that "Wilson acted for and on behalf of DD Foundation as its controlling agent when directing its participation in the knowing provision and distribution of the identified false information." Doc. 1 at 49, ¶ 225. The proposed connection again depends on *information and* belief allegations that DD Foundation LLC participated through Wilson, supplemented by *information-and-belief* allegations that Wilson or his personnel controlled the relevant account and published the accompanying licensing information. Doc. 1 at 5, ¶ 22; Doc. 1 at 7, ¶ 39; Doc. 1 at 23, ¶ 115. The missing links remain an assumption, however many times the complaint repeats it on information and belief.

Allegations outside of those chains do not supply the missing connection. Paragraph 17 identifies a prior assertion of shared profits, and paragraph 28 identifies a change in DD Foundation LLC's officers. Doc. 1 at 4, ¶ 17; Doc. 1 at 6,

¶ 28. Neither establishes that DD Foundation LLC participated in the challenged publications or account administration, or that Wilson undertook those acts in his DD Foundation LLC capacity. The complaint's defect is not its use of conditional pleading. It is the absence of facts supporting the DD Foundation LLC-specific inference on which plaintiffs' jurisdictional theory depends.

#### 4. Collective labels and common-enterprise allegations fail.

The complaint groups DD Foundation LLC with its codefendants as "Defendants" and "Business Entity Defendants," then describes their relationship as an "integrated commercial operation" and "common enterprise." Doc. 1 at 1, ¶¶ 1–3; Doc. 1 at 3, ¶¶ 10–11; Doc. 1 at 4, ¶ 17; Doc. 1 at 6, ¶ 29; Doc. 1 at 8, ¶¶ 41–45. None of these labels identifies DD Foundation LLC's Florida contacts or its role in the alleged conduct.

Personal jurisdiction rests on each defendant's own affiliation with the forum, not merely its relationships with other parties. *Walden v. Fiore*, 571 U.S. 277, 285–86 (2014). The Court must assess jurisdiction "as it relates to each defendant separately." *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006). An enterprise label cannot replace that defendant-specific inquiry.

The complaint assigns DEFCAD the publication infrastructure and Defense Distributed the supporting personnel, then adds Foundation through assertions of a shared operation. Doc. 1 at 4, ¶ 20; Doc. 1 at 5, ¶¶ 21–22. Alleging that their operations are "coordinated" does not identify Foundation's own Florida conduct or establish a basis for attributing another defendant's contacts to it. Doc. 1 at 4, ¶ 17.

The same ambiguity violates Rule 8. Plaintiffs must identify which defendants are responsible for which acts and give each adequate notice of the claims and their grounds. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). The defect is not collective terminology itself, but its use to obscure Foundation's role. Calling the defendants one enterprise does not cure either the jurisdictional or notice deficiency.

**5. The revenue-sharing allegations fail.**

The complaint also tries to give DD Foundation LLC every other defendant's jurisdictional contacts by alleging that DD Foundation LLC shares revenues with them. Doc. 1 at 3, ¶ 10; Doc. 1 at 4, ¶¶ 16–17; Doc. 1 at 5, ¶¶ 22, 27; Doc. 1 at 6, ¶¶ 33–34; Doc. 1 at 7, ¶ 38; Doc. 1 at 9, ¶ 47; Doc. 1 at 37, ¶ 177; Doc. 1 at 42, ¶ 200; Doc. 1 at 49, ¶ 225; Doc. 1 at 58, ¶ 253; Doc. 1 at 64, ¶ 279.

These allegations fail insofar as they rely on conclusory assertions of participation or unsupported information and belief, for the reasons explained above. The only remaining assertions of revenue sharing or receipt appear in paragraphs 17,

177, 200, 225, 253, and 279: paragraph 17 identifies a prior pleading describing shared profits, while the latter five contain unqualified statements that Foundation received monetary proceeds from the challenged conduct. Those limited assertions, even accepted as true, establish receipt of money—not Foundation's participation in the activities that allegedly generated it. Repeating the receipt allegation in each count does not supply that missing connection.

Nor does the complaint allege that the revenue sharing occurred in Florida. It describes a financial relationship among Texas-based defendants: Wilson resides in Austin, DEFCAD and Defense Distributed maintain their principal operations there, and Foundation is a Texas LLC with an Austin registered office. Doc. 1 at 2, ¶¶ 7–8; Doc. 1 at 3, ¶¶ 9–10; Doc. 1 at 4, ¶ 16. Nothing identifies a revenue-sharing agreement made in Florida, a distribution of shared funds there, or a Florida transaction undertaken by Foundation. The allegation that DEFCAD conducted business with Florida customers does not relocate the entities' financial relationship to Florida or make DEFCAD's transactions Foundation's contacts. Doc. 1 at 9, ¶ 47. Absent a sufficient basis for attributing those transactions to Foundation, its receipt of shared revenues does not establish its own purposeful affiliation with Florida. *See Walden v. Fiore*, 571 U.S. 277, 284–86 (2014).

**6. The agency and alter-ego allegations fail.**

Plaintiffs somewhat separately invoke alter ego to treat all defendants' Florida contacts as DD Foundation LLC's own. Doc. 1 at 10, ¶ 52. That theory fails for two reasons: its critical allegations rest on conclusions or unsupported information and belief, and even taken at face value, they do not satisfy Texas law's requirements for disregarding Foundation's separate identity.

First, the critical alter-ego allegations are conclusory or rest on unsupported information and belief. Paragraph 35 declares each entity Wilson's "alter ego and instrumentality," while paragraphs 33–34 assert that corporate separateness obscures responsibility, diverts proceeds, and impairs recovery. Doc. 1 at 6–7, ¶¶ 33–35. Those conclusions depend on information-and-belief assertions that Wilson directs Foundation's revenues, uses the entities to shift assets, and changed Foundation's officers to obstruct recovery. Doc. 1 at 4, ¶ 16; Doc. 1 at 5, ¶¶ 26–27; Doc. 1 at 6, ¶ 29. None identifies the DD Foundation LLC asset, transaction, or operational practice that substantiates the asserted loss of identity. Repeated conclusions cannot supply the missing factual foundation. *See Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006).

Second, even accepting the nonconclusory allegations made on information and belief, the complaint does not satisfy Texas's jurisdictional alter-ego standard. Texas presumes that separate entities are distinct. The alleged control must exceed

ordinary ownership and management and establish that the entities have ceased to be separate. Common officers, financial supervision, and coordinated policies do not suffice. *See, e.g.*, *PHC-Minden, L.P. v. Kimberly-Clark Corp.*, 235 S.W.3d 163, 173, 175–76 (Tex. 2007). Texas likewise rejects the proposition that centralized control, common purposes, and shared finances alone make affiliated businesses answerable for each other's obligations. *See, e.g.*, *SSP Partners v. Gladstrong Invs. (USA) Corp.*, 275 S.W.3d 444, 454–56 (Tex. 2008). The required showing is actual loss of separate identity, not participation in a coordinated enterprise. *See, e.g.*, *id.*

The complaint makes no plausible showing of that for DD Foundation LLC. It assigns the website and distribution infrastructure to DEFCAD, the supporting personnel and membership operation to Defense Distributed, and an undefined shared-revenue role to DD Foundation LLC. Doc. 1 at 4, ¶ 20; Doc. 1 at 5, ¶¶ 21–22. Alleged misuse of another entity's funds does not establish a union of identity. Nor does the assertion that respecting corporate separateness would impair recovery answer the jurisdictional question: Texas distinguishes potential liability from attribution of forum contacts. *PHC-Minden*, 235 S.W.3d at 174–75. Plaintiffs cannot replace the required entity-specific showing with allegations that Wilson controlled—and allegedly misused—a group of related businesses.

Calling Wilson DD Foundation LLC's agent does not avoid these defects. Agency requires facts establishing the relevant principal-agent relationship. *Snow*,

450 F.3d at 1318. The complaint repeatedly calls Wilson DD Foundation LLC's "controlling agent" without explaining why he undertook the challenged publication and account-administration acts for DD Foundation LLC rather than the other entities. Doc. 1 at 37, ¶ 177; Doc. 1 at 42, ¶ 200; Doc. 1 at 49, ¶ 225; Doc. 1 at 58, ¶ 253; Doc. 1 at 64, ¶ 279. Common management does not establish that every act performed for one entity was simultaneously performed for all. Neither label supplies DD Foundation LLC's missing Florida contacts.

Finally, DD Foundation LLC preserves its position that *Walden v. Fiore*, 571 U.S. 277, 284–86 (2014), requires its own purposeful forum contacts and precludes jurisdiction based on alter-ego attribution. Foundation acknowledges that *United States ex rel. Bibby v. Mortgage Investors Corp.*, 987 F.3d 1340, 1355–56 (11th Cir. 2021), forecloses that argument and raises it only to preserve further review.

**II. The Court should stay this case pending arbitration in Texas.**

Alternatively, if the Court does not dismiss the action under Rule 12(b)(2), DD Foundation LLC moves under 9 U.S.C. §§ 3 and 4 to stay this case so that arbitration in Texas may be compelled. The Court should decide this request before reaching the Rule 12(b)(6) arguments in Part III. Claims referred to arbitration should be stayed without a ruling on their merits; if all remaining claims are referred, the Court should not reach Part III.

DD Foundation invokes two arbitration agreements: § 4.4 of the DD LEGIO Terms of Service (the "Legio TOS"), Ex. 1 at 9, § 4.4, and § 4.4 of the DEFCAD Terms of Service (the "DEFCAD TOS"), Ex. 1 at 22, § 4.4. Both require binding AAA arbitration in Austin, Texas, of claims arising from or related in any way to their terms. Plaintiffs' claims fall within those provisions because they concern the licensing, distribution, attribution, and promotion governed by the agreements. Plaintiffs are bound by the applicable terms because they assented through their website use. DD Foundation LLC may enforce the Legio TOS as Legio's contracting entity and the DEFCAD TOS under equitable estoppel or, alternatively, Plaintiffs' own agency and alter-ego allegations. The Court should therefore compel arbitration and stay the claims pending arbitration.

Presenting this demand here is proper. The FAA authorizes seeking a stay in the pending action and directs that applications under the Act be heard as motions. 9 U.S.C. §§ 3, 6. The Federal Rules likewise permit alternative defenses regardless of consistency. Fed. R. Civ. P. 8(d)(2)–(3). Consolidating these requests advances the FAA's objective of moving arbitrable disputes "out of court and into arbitration as quickly and easily as possible." *Smith v. Spizzirri*, 601 U.S. 472, 477–78 (2024).

DD Foundation LLC submits the declaration attached as Exhibit 1 solely in support of this Part II. The declaration expressly limits its purpose to the arbitration request. Ex. 1 at 2, ¶ 3. The Court may consider that evidence under the

summary-judgment-like standard governing formation of an arbitration agreement. *Lamonaco v. Experian Info. Sols., Inc.*, 141 F.4th 1343, 1346–48 (11th Cir. 2025). DD Foundation LLC asks the Court to exclude Exhibit 1 from its consideration of Part I's complaint-based jurisdictional challenge and Part III's Rule 12(b)(6) arguments.

### A. The Legio TOS Arbitration Clause and DEFCAD TOS Arbitration Clause cover these claims.

Both the Legio TOS and DEFCAD TOS require arbitration of claims arising from or related to their terms. All five claims against DD Foundation LLC fall within that broad scope because they challenge the licensing, distribution, attribution, or promotion of materials and services governed by those terms.

The FAA requires enforcement of written arbitration provisions in contracts involving interstate commerce. 9 U.S.C. § 2. It applies here becuase Plaintiffs allege a Texas-based website and related membership business supplying files to users across state lines. Doc. 1 at 2–3, ¶¶ 7–10; Doc. 1 at 9, ¶¶ 47–49.

The Legio TOS Arbitration Clause and DEFCAD TOS Arbitration Clause contain the same operative command. Both require arbitration of "any claim, dispute or controversy arising from or relating to" their provisions:

> ANY CLAIM, DISPUTE OR CONTROVERSY ARISING FROM OR RELATED IN ANY WAY TO THESE TERMS OR ANY PROVISIONS HEREIN SHALL BE RESOLVED BY BINDING ARBITRATION.

Ex. 1 at 9 (Legio TOS § 4.4); Ex. 1 at 22 (DEFCAD TOS § 4.4). Both select AAA arbitration in Austin under expedited commercial arbitration rules, regardless of the amount in dispute, unless the parties agree otherwise. Both provisions were included throughout the period from January 1 through October 15, 2026. Ex. 1 at 2–3, ¶¶ 7–10.

The surrounding terms govern the conduct Plaintiffs challenge. Section 3.0 of the Legio terms addresses licensed products and compliance with their license conditions. Ex. 1 at 7–8 (Legio TOS § 3.0). Sections 2.0–2.2 of the DEFCAD terms govern contributions, contributor information, and licenses to reproduce and distribute uploaded material; § 3.0 governs licenses for products obtained through the site. Ex. 1 at 18–20 (DEFCAD TOS §§ 2.0–3.0). Those provisions connect all five counts to the subject matter of the Legio TOS Arbitration Clause and DEFCAD TOS Arbitration Clause.

Counts 11 and 15 expressly invoke the DEFCAD terms. Their false-licensing theories allege that the accused pages apply those terms and that §§ 2.2 and 3.0 falsely represent authority to reproduce, distribute, and sublicense Plaintiffs' works. Doc. 1 at 22–23, ¶¶ 109–117; Doc. 1 at 50, ¶¶ 227–228; Doc. 1 at 58–59, ¶¶ 255–256. Those theories require construing the contractual license provisions reproduced in Exhibit 1 and therefore relate directly to provisions covered by the DEFCAD TOS Arbitration Clause. Ex. 1 at 19–20 (DEFCAD TOS §§ 2.2–3.0).

Counts 3 and 7 challenge reproduction and distribution through the file service: Larosiere's works in August 2026, and Elik's photographs in the August postings and earlier. Doc. 1 at 36–37, ¶¶ 175–179; Doc. 1 at 41–42, ¶¶ 197–202. Plaintiffs also allege that each accused August posting required a paid Legio membership to download. Doc. 1 at 12, ¶ 63. The dispute thus concerns the contribution and product-licensing arrangements addressed in Legio § 3.0 and DEFCAD §§ 2.0–3.0. Ex. 1 at 7–8 (Legio TOS § 3.0); Ex. 1 at 18–20 (DEFCAD TOS §§ 2.0–3.0). The Court should refer those claims under the Legio TOS Arbitration Clause or DEFCAD TOS Arbitration Clause applicable to the particular plaintiff and dispute.

Count 19 concerns the continued presentation of the IvanTheTroll account after Elik demanded its deletion, including its use to promote the file and membership businesses. Doc. 1 at 31–33, ¶¶ 150–163; Doc. 1 at 64–65, ¶¶ 277–282. The DEFCAD terms expressly address retention and redistribution of contributor information and activity occurring through a user's account. Ex. 1 at 19 (DEFCAD TOS § 2.1(d)); Ex. 1 at 19 (DEFCAD TOS § 2.2). That account-and-contribution dispute falls within the subject matter of the DEFCAD TOS Arbitration Clause.

Once the Court establishes the applicable agreement and DD Foundation LLC's right to enforce it, remaining scope questions belong to the arbitrator. The Legio TOS Arbitration Clause and DEFCAD TOS Arbitration Clause adopt AAA

commercial arbitration rules. Ex. 1 at 9 (Legio TOS § 4.4); Ex. 1 at 22 (DEFCAD TOS § 4.4). Incorporating rules that empower the arbitrator to decide arbitrability supplies clear and unmistakable evidence of delegation. *See, e.g.*, *Terminix Int'l Co., LP v. Palmer Ranch Ltd. P'ship*, 432 F.3d 1327, 1332–33 (11th Cir. 2005).

**B. Plaintiffs assented through their website use.**

Both Plaintiffs accessed the websites after receiving notice that continued use constituted acceptance of the applicable terms. Their admitted use, together with the mandatory notice process, establishes assent to the arbitration agreements.

A declaration based on personal knowledge that describes the acceptance process and supplies the operative agreements can establish assent. *Lamonaco*, 141 F.4th at 1347–48. The record here has just that, Ex. 1, proving all necessary facts.

The governing agreements are Legio version 1.5 and DEFCAD version 3.5. Both remained in effect without change from January 1 through October 15, 2026, including during Plaintiffs' August and September website use. Substantially the same terms, including their arbitration provisions, have been in effect since at least 2021. Ex. 1 at 2, ¶¶ 4–7.

Throughout that period, every visitor to each website encountered a notice informing the visitor that proceeding constituted agreement to the respective terms and providing a hyperlink to the complete text. Ex. 1 at 3, ¶¶ 11–12. DEFCAD displayed a login notice stating, "By continuing, you agree to our Terms of Service

and Privacy Policy," with a link to the complete DEFCAD terms. Ex. 1 at 3, ¶ 13. The terms themselves likewise state that access constitutes agreement. Ex. 1 at 6 (Legio TOS § 1.0); Ex. 1 at 15 (DEFCAD TOS § 1.0).

Plaintiffs' allegations identify the visits to which that process applied. Larosiere alleges that he accessed DEFCAD on August 29, 2026, and downloaded and inspected each available accused posting. Doc. 1 at 9, ¶ 48. Elik alleges that he inspected DEFCAD after the August 23 newsletter. Doc. 1 at 12, ¶¶ 60–61. The mandatory DEFCAD visitor process applied to those visits. Ex. 1 at 3, ¶¶ 14-15. Plaintiffs' admitted access, together with the notice that preceded it, supports enforcement of the DEFCAD TOS Arbitration Clause.

The Legio TOS Arbitration Clause supplies an additional basis for the alleged membership transactions. Larosiere alleges that his August downloads required a paid Legio membership. Doc. 1 at 9, ¶ 48; Doc. 1 at 12, ¶ 63. Wilson confirms that every person proceeding to view Legio during the relevant period encountered its agreement notice and a link to the operative terms. Ex. 1 at 3, ¶¶ 11, 16. DD Foundation LLC relies on those allegations and that notice process to establish the Legio TOS Arbitration Clause's application to the associated membership relationship.

### C. DD Foundation LLC may invoke the Legio TOS Arbitration Clause and DEFCAD TOS Arbitration Clause.

DD Foundation LLC may enforce both agreements. It is a contracting party under the Legio TOS and may enforce the DEFCAD TOS through equitable estoppel or, alternatively, under Plaintiffs' own allegations of agency and alter ego.

Ordinary state contract principles determine who may enforce an arbitration agreement, including direct contractual rights, estoppel, and alter ego. *See Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 630–32 (2009). DD Foundation LLC invokes direct contractual rights under the Legio TOS Arbitration Clause and alternative grounds for enforcing the DEFCAD TOS Arbitration Clause.

DD Foundation LLC is Legio's contracting entity. It is the service's owner and operator, and the attached terms confirm that identity. Ex. 1 at 2, ¶ 4; Ex. 1 at 12. Sections 4.10 and 4.12 establish an agreement between Legio and the user. Ex. 1 at 11, §§ 4.10, 4.12. DD Foundation LLC therefore seeks to enforce the Legio TOS Arbitration Clause as a contracting party, not a third-party beneficiary.

Direct-benefits estoppel supplies an additional argument under the DEFCAD TOS Arbitration Clause. Under Texas law, the inquiry turns on whether the asserted liability depends on the contract rather than an obligation independent of it. *In re Weekley Homes, L.P.*, 180 S.W.3d 127, 131–32 (Tex. 2005). Counts 11 and 15 invoke DEFCAD §§ 2.2 and 3.0 as the source of the challenged licensing representations. Doc. 1 at 50, ¶ 227; Doc. 1 at 58–59, ¶ 255. Those provisions appear

in Exhibit 1 at 19–20. Plaintiffs ask the Court to construe their meaning and impose liability on DD Foundation LLC for the representations they allegedly convey. DD Foundation LLC accordingly invokes estoppel to enforce the DEFCAD TOS Arbitration Clause against those contract-dependent disputes.

Plaintiffs' alter-ego theory supplies a further alternative ground. They allege that the business entities are Wilson's alter egos and seek to impose liability through those relationships. Doc. 1 at 7, ¶ 35; Doc. 1 at 37, ¶ 177; Doc. 1 at 42, ¶ 200; Doc. 1 at 64, ¶ 279. An established alter-ego relationship can extend one entity's arbitration agreement to another. *In re Merrill Lynch Tr. Co. FSB*, 235 S.W.3d 185, 191 (Tex. 2007). Thus, if the Court finds the identity necessary to attribute DEFCAD's contractual conduct to DD Foundation LLC, that identity also supports enforcement of the DEFCAD TOS Arbitration Clause. DD Foundation LLC does not concede the asserted identity by presenting this alternative.

* * *

Because the claims against DD Foundation LLC are subject to binding arbitration in Austin, Texas, the Court should stay those claims under § 3 of the FAA pending completion of arbitration. When a party requests a stay, § 3 makes that relief mandatory rather than discretionary. *Smith v. Spizzirri*, 601 U.S. 472, 475–78 (2024). The stay preserves this Court's ability to address any matters properly presented after

arbitration, including enforcement of the resulting award, without adjudicating the merits of claims committed to the arbitrator. *Id.* at 478.

## III. Rule 12(b)(6): The case should be dismissed for failure to state a claim upon which relief can be granted.

DD Foundation LLC seeks dismissal under Rule 12(b)(6) only as a further alternative to its jurisdictional arguments and arbitration demands. The Court should reach this Part only after resolving those requests and only for claims it retains and declines to refer to arbitration. It should not decide the sufficiency of any claim dismissed on jurisdictional grounds, transferred, or referred to arbitration.

The same three defects that defeat personal jurisdiction over DD Foundation LLC defeat the claims against it on the merits. The conclusory allegations analyzed in Part I.B.2, the unsupported "information and belief" allegations analyzed in Part I.B.3, and the invalid agency and alter-ego theory analyzed in Part I.B.6 are incorporated here by reference. The jurisdictional and merits inquiries apply the same plausibility standard: conclusory allegations, "labels and conclusions," and "a formulaic recitation of the elements" are not entitled to the assumption of truth in either posture. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *United Am. Corp. v. Bitmain, Inc.*, 530 F. Supp. 3d 1241, 1255 (S.D. Fla. 2021). The complaint fails not only to connect DD Foundation LLC to Florida, but also to identify its own participation in the conduct

underlying any count. The complaint's defect is not the forum; it is the absence of any facts connecting DD Foundation LLC to the conduct underlying any count.

Again, the complaint's reliance on collective "Defendants" and "Business Entity Defendants" allegations independently fails Rule 8. A complaint assessed on allegations alone, *United Am. Corp.*, 530 F. Supp. 3d at 1255, that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions" does not give DD Foundation LLC fair notice of the claims against it. *Barmapov v. Amuial*, 986 F.3d 1321, 1324–25 (11th Cir. 2021); *Miles v. Carnival Corp.*, 767 F. Supp. 3d 1368, 1372 (S.D. Fla. 2025). Lumping DD Foundation LLC together with its codefendants, without identifying which defendant allegedly committed which acts, is a fatal defect. *Barmapov*, 986 F.3d at 1323–24. The alter-ego allegations do not cure any of this. Texas presumes entity separateness and does not impose liability on an entity merely because it is part of a single business enterprise, *SSP Partners v. Gladstrong Invs. (USA) Corp.*, 275 S.W.3d 444, 454–56 (Tex. 2008), and conclusory agency and alter-ego labels are not enough, *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006).

The Court should dismiss Counts 3, 7, 11, 15, and 19 against DD Foundation LLC with prejudice. Amendment would be futile because the complaint affirmatively places the challenged conduct with DEFCAD, Defense Distributed, and Wilson, such that no non-conclusory repleading can relocate those acts to DD

Foundation LLC. *See United Am. Corp.*, 530 F. Supp. 3d at 1274–75. In the alternative, the Court should require a more definite statement under Rule 12(e) identifying DD Foundation LLC's own alleged conduct and connecting it to each count, or strike the unsupported alter-ego allegations in paragraphs 12 through 35 as pleaded against DD Foundation LLC under Rule 12(f).

**Conclusion**

For these reasons, DD Foundation LLC requests that the Court dismiss all claims against it under Rule 12(b)(2); alternatively, stay those claims under § 3 of the FAA pending arbitration in Austin, Texas, and compel arbitration under § 4 to the extent authorized, or transfer the arbitrable claims to the Western District of Texas if necessary; or, in the further alternative, dismiss all claims against DD Foundation LLC under Rule 12(b)(6).

Respectfully submitted,

/s/ Chad Flores
Chad Flores
cf@chadflores.law
Texas Bar No. 24059759
Flores Law PLLC
917 Franklin Street
Suite 600
Houston, Texas 77002
T (713) 364-6640
F (832) 645-2496

Counsel for DD Foundation LLC

**Local Rule 3.01(g) Certification**

DD Foundation LLC certifies that its counsel made diligent, good-faith efforts to confer with Plaintiffs' counsel before filing this motion. Retained only days before the responsive-pleading deadline, undersigned counsel promptly contacted Plaintiffs' counsel by email and exchanged correspondence concerning this matter. Movant's counsel requested a telephone conference with Plaintiffs' counsel to address the motion, but Plaintiffs' counsel did not respond to that request before the filing deadline. The parties therefore have not completed conferral, and Plaintiffs' position on the motion remains unconfirmed. As required by Local Rule 3.01(g)(3), undersigned counsel will continue diligently seeking conferral for three days after filing and will promptly supplement this certification.