**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MATTHEW LAROSIERE and JOHN ELIK,
Plaintiffs,
v. Case No. 6:26-cv-02173-JSS-LHP
CODY RUTLEDGE WILSON; DEFCAD, INC.;
DEFENSE DISTRIBUTED; and
DD FOUNDATION LLC,
Defendants.
_______________________________________/

**PLAINTIFFS' TIME-SENSITIVE MOTION TO EXTEND THE DEADLINE TO RESPOND TO DOC. 23 PENDING DISCOVERY ON THE FORMATION OF THE ALLEGED ARBITRATION AGREEMENTS, AND DEMAND FOR JURY TRIAL UNDER 9 U.S.C. § 4**

Plaintiffs Matthew Larosiere and John Elik move under Federal Rule of Civil Procedure 6(b)(1)(A) to extend the deadline to respond to Defendant DD Foundation LLC's consolidated motion (Doc. 23) until twenty-one days after the earlier of (1) Plaintiffs' completion of discovery on whether they formed the arbitration agreements on which Part II of that motion depends, or (2) sixty days after entry of the Court's order. Plaintiffs also demand a jury trial under 9 U.S.C. § 4 on the making of the alleged arbitration agreements.

This motion is time-sensitive. Plaintiffs' response to Doc. 23 is due November 6, 2026. Local Rule 3.01(c). The Foundation's responses to Plaintiffs' formation discovery will not be due until after that date. Plaintiffs request a

ruling before November 6, 2026, or, if that is not practicable, an interim extension of the response deadline pending a ruling.

## I. BACKGROUND

The Foundation filed Doc. 23 on October 16, 2026. Part II asks the Court to stay all claims against the Foundation and compel arbitration under § 4.4 of the DD LEGIO Terms of Service and § 4.4 of the DEFCAD Terms of Service. Doc. 23 at 15–23.

Part II rests on a single declaration by Defendant Cody Rutledge Wilson, which the Foundation offers "solely in support of" Part II. Doc. 23 at 16; Doc. 23-1 ¶ 3. The declaration describes, in general terms, a notice that "every visitor" to ddlegio.com and defcad.com allegedly encountered between January 1 and October 15, 2026, and a DEFCAD login notice. Doc. 23-1 ¶¶ 11–13. It attaches the two sets of Terms, *id.* Exs. A–B, but no image of either notice, no code or configuration showing how the notices were displayed, and no record of any visit, account, login, or transaction by either Plaintiff.

On the dispositive question—whether *these Plaintiffs* agreed to arbitrate—the declaration offers only Wilson's review of the Complaint's allegations and his statement that the general process "applied to the website visits identified in those allegations." Doc. 23-1 ¶¶ 14–16. The Foundation separately relies on the paid Legio membership alleged in the Complaint, Doc. 23 at 21, but offers no record of any membership, sign-up, or terms

presented to either Plaintiff. And although Wilson asserts that both sets of Terms "have contained substantially the same arbitration provision since at least 2021," Doc. 23-1 ¶ 10, the Foundation has produced only the versions dated January 1, 2026.

Counsel held the Rule 26(f) conference on October 20, 2026. Elik will serve his First Request for Production on the Foundation by mail on October 21, 2026, including requests directed to the alleged assent and the notice process. The Foundation's responses will be due November 23, 2026—after the current response deadline. Fed. R. Civ. P. 6(d), 34(b)(2)(A).

## II. ARGUMENT

### A. Formation is a question of fact on which the Foundation bears the burden.

A court may compel arbitration only "upon being satisfied that the making of the agreement for arbitration . . . is not in issue." 9 U.S.C. § 4. If the making of the agreement is in issue, "the court shall proceed summarily to the trial thereof." *Id.* The Eleventh Circuit applies a summary-judgment-like standard: the court may decide formation as a matter of law only if there is no genuine dispute of material fact, and the party seeking arbitration bears the burden of proving that the opposing party assented to the essential terms of the agreement it seeks to enforce. *Bazemore v. Jefferson Cap. Sys., LLC*, 827 F.3d 1325, 1331, 1333 (11th Cir. 2016); *see Lamonaco v. Experian Info. Sols.,*

*Inc.*, 141 F.4th 1343, 1346–48 (11th Cir. 2025) (cited at Doc. 23 at 16–17, 20). In *Bazemore*, a declaration attaching a form agreement was insufficient because it did not show what, if anything, the plaintiff actually saw and agreed to. 827 F.3d at 1331–34.

A pretrial motion "that turns on findings of fact . . . may require some limited discovery before a meaningful ruling can be made." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). This Court has applied that principle to a motion to compel arbitration "predicated on a factual dispute," permitting depositions of the movant's declarants limited to "the matters encompassed in the declarations filed with the Court." *Sundial Partners, Inc. v. Atl. St. Cap. Mgmt. LLC*, No. 8:15-cv-861-T-23JSS, Doc. 51 at 4–5 (M.D. Fla. Oct. 19, 2015) (Sneed, M.J.). Because the summary-judgment-like standard governs, the principle of Rule 56(d) applies by analogy: a nonmovant that cannot yet present facts essential to its opposition should be allowed time to obtain them. *Cf.* Fed. R. Civ. P. 56(d).

Plaintiffs deny that either of them agreed to arbitrate any claim in this action. The facts that would confirm or refute the Foundation's contrary assertion—what each site actually displayed, to whom, and when; what records exist of either Plaintiff's visits, accounts, or purchases; and which versions of the Terms were in force—are exclusively within the Defendants' control: they reside in the records of the websites the Defendants own and

operate. *See* Doc. 23-1 ¶¶ 4–5. Wilson's declaration does not purport to describe any Plaintiff's actual experience; it infers that experience from the Complaint. Doc. 23-1 ¶¶ 14–15. Plaintiffs are entitled to test that inference before the Court rules on it.

**B. The formation discovery is already authorized, narrow, and tied to the declaration.**

Discovery opened at the Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1). Plaintiffs therefore do not ask the Court to authorize or compel any discovery. They ask only that the response deadline account for the time needed to complete the following discovery, which Plaintiffs have served or will notice:

1. Each version of the DD LEGIO and DEFCAD Terms of Service in effect from January 1, 2021 through October 15, 2026, with documents sufficient to show when each was in effect. *See* Doc. 23-1 ¶ 10.
2. The notices described in Doc. 23-1 ¶¶ 11–13 as actually displayed, including images or captures, the deployed code and configuration, the conditions that triggered or suppressed each notice, and records of changes to them.
3. All records on which the Foundation relies, or may rely, to contend that either Plaintiff saw a notice, accepted any Terms, created or used an account, or purchased a Legio membership, including access logs and

account and payment records for the visits referenced in Doc. 23-1 ¶¶ 14–16.

4. One deposition of Wilson or of a Rule 30(b)(6) designee of the Foundation, which Plaintiffs will limit to four hours and to the matters in Doc. 23-1 and the records produced under items 1–3.

Items 1–3 correspond to requests Elik will serve on October 21, 2026. Item 4 is the kind of limited declarant deposition this Court found appropriate in *Sundial*. The Foundation chose Wilson as its declarant, and the Complaint alleges that he is the Foundation's officer. Doc. 1 ¶ 28.

**C. Good cause supports the extension.**

Good cause exists under Rule 6(b)(1)(A). Plaintiffs move before the deadline expires, and the extension is capped: it runs from the earlier of completion of the formation discovery or sixty days after the Court's order. Sixty days allows thirty-three days for written responses served by mail, Fed. R. Civ. P. 6(d), 34(b)(2)(A), and time to review the production and take one limited deposition. Courts in this Circuit have permitted longer targeted-discovery periods before supplemental briefing on threshold motions. *See Exhibit Icons, LLC v. XP Cos., LLC*, No. 07-80824-CIV, 2008 WL 616104 (S.D. Fla. Mar. 3, 2008) (ninety days of jurisdictional discovery, followed by amended responses).

A single, complete response is also the efficient course. The Foundation chose to combine three motions in one paper, and its arguments overlap: it invokes Plaintiffs' agency and alter-ego allegations both to contest jurisdiction and to enforce the DEFCAD Terms. *Compare* Doc. 23 at 13–15, *with id.* at 23. One response to the whole motion lets the Court decide Doc. 23 once, on a complete record, rather than in stages. The Foundation suffers no prejudice from a short extension; its own motion asks the Court to stay the claims against it.

**D. Demand for jury trial under 9 U.S.C. § 4.**

Under 9 U.S.C. § 4, Plaintiffs demand a jury trial of every issue concerning the making of the arbitration agreements alleged in Part II of Doc. 23, including whether either Plaintiff assented to the DD LEGIO Terms of Service or the DEFCAD Terms of Service and the terms of any agreement so formed. *See Burch v. P.J. Cheese, Inc.*, 861 F.3d 1338 (11th Cir. 2017). Plaintiffs make this demand without conceding that the Foundation has carried its initial burden or that any trial is warranted.

## III. RELIEF REQUESTED

Plaintiffs respectfully request that the Court:

1. Extend Plaintiffs' deadline to respond to Doc. 23 to twenty-one days after the earlier of (a) Plaintiffs' completion of the formation discovery described in Section II.B or (b) sixty days after entry of the Court's order; and
2. If the Court cannot rule on this motion before November 6, 2026, extend the deadline to respond to Doc. 23 pending its ruling.

Dated: October 21, 2026

Respectfully submitted,

*<u>/s/ Zachary Z. Zermay</u>*
**Zachary Z. Zermay, Esq.**
Florida Bar No. 1002905
Zermay Law, P.A.
3000 Coral Way, Suite 1115
Coral Gables, Florida 33145
Telephone: (305) 767-3529
Email: zach@zermaylaw.com
Lead Counsel for Plaintiffs

*<u>/s/ Matthew Larosiere</u>*
**Matthew Larosiere, Esq.**
Florida Bar No. 1005581
The Law Office of Matthew Larosiere
6964 Houlton Circle
Lake Worth, Florida 33467
Telephone: (561) 452-7575
Email: larosieremm@gmail.com
Counsel for Plaintiff John Elik

**LOCAL RULE 3.01(g) CERTIFICATION**

On October 20, 2026, Plaintiffs' counsel conferred by telephone with Chad Flores, counsel for DD Foundation LLC, regarding an extension of the deadline to respond to Doc. 23 and discovery related to the Foundation's arbitration request. The Foundation opposed that relief.

*/s/ Matthew Larosiere*
Matthew Larosiere

**CERTIFICATE OF SERVICE**

I certify that on October 21, 2026, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record, including Chad Flores, counsel for Defendant DD Foundation LLC.

*/s/ Matthew Larosiere*
Matthew Larosiere