**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MATTHEW LAROSIERE and JOHN ELIK,
Plaintiffs,
v. Case No. 6:26-cv-02173-JSS-LHP
CODY RUTLEDGE WILSON; DEFCAD, INC.;
DEFENSE DISTRIBUTED; and
DD FOUNDATION LLC,
Defendants.
_________________________________/

**PLAINTIFFS' MOTION FOR LEAVE TO SERVE DEFENDANTS CODY RUTLEDGE WILSON, DEFCAD, INC., AND DEFENSE DISTRIBUTED BY EMAIL, AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs Matthew Larosiere and John Elik move under Federal Rules of Civil Procedure 4(e)(1) and 4(h)(1)(A) and Texas Rule of Civil Procedure 106(b)(2) for an order authorizing service of process on Defendants Cody Rutledge Wilson, DEFCAD, Inc., and Defense Distributed by email, to accounts that Wilson has identified under oath as his own and to DEFCAD's published general-inquiry address, with a copy to Chad Flores, counsel for co-defendant DD Foundation LLC.

Plaintiffs have tried to serve these Defendants at both addresses associated with them. The address DEFCAD still publishes as its own is vacant. At the suite Wilson has twice sworn is his home, the company's name is on the door and people are inside, but no one will open it—on one occasion because one employee told another not to. Wilson, meanwhile, has read the

complaint and filed a declaration in this case. Email to the accounts he uses is now the most reliable way to deliver the summonses and complaint.

## I. BACKGROUND

### A. The companies' Donley Drive address is vacant.

DEFCAD and Defense Distributed have used 2320 Donley Drive, Suite C, Austin, Texas 78758 as their business address. Doc. 1 ¶ 13. It is also their registered office. Ex. F ¶ 3. DEFCAD's Terms of Service—which Wilson swore were in effect, unchanged, through October 15, 2026—still give that suite as DEFCAD's address for legal notices and as the address of the company that owns and operates defcad.com. Doc. 23-1 ¶¶ 5, 7 & at 23, 25 (Ex. E).

On September 29, 2026, Plaintiffs' process-service vendor, reported that it could not serve either company there because "[t]he property appeared vacant which was supported by empty inside." Ex. B; Ex. F ¶ 4.

### B. At the Cross Park suite, the occupants will not open the door.

Plaintiffs then attempted service at 8403 Cross Park Drive, Suite 3E, Austin, Texas 78754. Wilson has twice sworn that this suite is his residence. In an affidavit filed in this Court in February 2026, he attested that he "searched my residence located at 8403 Cross Park Drive, Ste. 3E Austin, TX 78754." Ex. C ¶ 12. At his deposition the next month, he gave the same address as where he lives and confirmed that it is the address on his driver's license. Ex. D at 13:23–14:6.

Process server Joseph Solomon Chigozie attempted service on each Defendant at that suite five times—on October 6, 8, 12, 15, and 20, 2026, at hours ranging from 9:20 a.m. to 6:06 p.m.—and executed a return of non-service for each Defendant under penalty of perjury. Ex. A. His returns report:

- On October 12, a person he saw inside "refused to answer the door nor open the door." Ex. A (Wilson return). The returns for DEFCAD and Defense Distributed state that a person who identified themselves as a corporate officer likewise "refused" to open the door or speak with the server. Ex. A (DEFCAD and Defense Distributed returns).
- On October 20, "[t]he company name is displayed at the entrance." Over the course of the attempts, the server "observed individuals inside the office building who appear to avoid opening the door" when he approached with the documents. On the final attempt, "one individual was walking towards the door as if to open it, but the other employee instructed the individual not to open the door." Ex. A (Wilson and Defense Distributed returns).

Each return closes with the server's assessment that the occupants were "trying to avoid" service. Ex. A.

**C. Wilson knows about this action and runs all three companies.**

While those attempts were under way, Wilson signed a declaration in this case, dated October 16, 2026, supporting DD Foundation's motion to

dismiss or compel arbitration. Doc. 23-1 (Ex. E). He attests that he is "closely involved in the operations of DEFCAD, Inc., Defense Distributed, and DD Foundation LLC," and that he has "reviewed the allegations" of the complaint, which he cites by page and paragraph. *Id.* ¶¶ 2, 14. The complaint alleges that Wilson is DEFCAD's president and director and Defense Distributed's director and governing member. Doc. 1 ¶¶ 13, 15.

**D. The email addresses Plaintiffs propose to use.**

**crw@defdist.org.** Wilson testified that this is his work email address, that he has had it for about fifteen years, that it is hosted on Google Workspace, and that he believed he had used it to correspond with journalists about the earlier litigation. Ex. D at 170:8–20, 172:2–3.

**crw@defcad.com.** Wilson testified that he has access to this account, that it is his work email, and that he listed it as his contact address on a bar complaint he filed against Plaintiff Larosiere. Ex. D at 284:6–285:7. DEFCAD's current Terms of Service designate "Cody R. Wilson" as DEFCAD's DMCA agent at this address. Doc. 23-1 at 21. Wilson swore that those Terms were in effect through October 15, 2026, and that he is personally involved in their publication and maintenance. *Id.* ¶¶ 7–8.

**support@defcad.com.** The same Terms list this address for "[g]eneral inquiries" to DEFCAD, Inc. Doc. 23-1 at 25.

**Chad Flores.** Mr. Flores represents DD Foundation in this action and filed the declaration in which Wilson attests to his involvement in all three companies. Doc. 23 at 26; Doc. 23-1. He is also counsel of record for Wilson, DEFCAD, and Defense Distributed as appellees in *Defense Distributed v. Elik*, No. 26-11420 (11th Cir.), where he filed their brief on September 21, 2026. Ex. F ¶ 10; Ex. G-2. When Plaintiffs asked him on October 15, 2026, whether he would accept service for those three Defendants, he replied that he does not represent them in this action and has no authority to accept service for anyone but DD Foundation. Ex. F ¶ 9; Ex. G-1.

## II. MEMORANDUM OF LAW

### A. Rule 4 incorporates Texas's substituted-service rule.

An individual may be served by "following state law for serving a summons" in the state "where service is made." Fed. R. Civ. P. 4(e)(1). A corporation may be served the same way. Fed. R. Civ. P. 4(h)(1)(A). Service here is being made in Texas.

Texas Rule of Civil Procedure 106(b) provides that, "[u]pon motion supported by a statement—sworn to before a notary or made under penalty of perjury—listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted . . . at the location named in the statement but has not been successful," the court may authorize service "in any other manner, including electronically by social

media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit." Tex. R. Civ. P. 106(b)(2). In deciding whether to permit electronic service, a court "should consider whether the technology actually belongs to the defendant and whether the defendant regularly uses or recently used the technology." *Id.* cmt. to 2020 change.

Federal courts in Texas apply Rule 106(b) through Rule 4(h)(1)(A) to business entities, relying on process-server statements that document repeated, unsuccessful attempts. *See Lambert v. New Era Invs. 1 LLC*, No. 6:22-cv-00397-ADA-DTG, ECF No. 7 at 3–7 (W.D. Tex. May 30, 2023). The supporting statement must identify a location where the defendant can probably be found—typically its usual place of business or abode. *See Mobile Env't Sols., LLC v. All-Star Inflatables Inc.*, No. 4:24-cv-04929 (S.D. Tex. Feb. 25, 2025).

**B. The statements required by Rule 106(b) are before the Court.**

The sworn returns state specifically the facts of five unsuccessful attempts on each Defendant at the Cross Park suite. Ex. A. The accompanying declaration identifies that suite as a location where each Defendant can probably be found: it is the residence Wilson has twice sworn to, and it is the occupied office where the company name is displayed. Ex. F ¶¶ 5–7; *see* Exs. C,

D. The declaration also identifies the companies' registered office on Donley Drive, which is vacant. Ex. F ¶¶ 3–4; Ex. B.

**C. Email will be reasonably effective to give each Defendant notice.**

That Defendants are quite obviously already aware of this action through their common principal aside (Doc. 23-1), Due process requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). The proposed method meets that standard and the factors in the Texas comment.

*The accounts belong to the Defendants.* Wilson identified both crw@ addresses under oath as his work email. Ex. D at 170:8–9, 284:21–285:1. DEFCAD publishes crw@defcad.com and support@defcad.com as its own contact addresses in Terms that Wilson authenticated in this case on October 16, 2026. Doc. 23-1 ¶¶ 5–8 & at 21, 25.

*The accounts are in current use.* Wilson has kept crw@defdist.org for some fifteen years and checks it. Ex. D at 171:9–11, 172:2–3. He used crw@defcad.com as his contact address in his own bar complaint, and DEFCAD continues to hold that address out to the public for copyright notices. *Id.* at 284:6–285:7; Doc. 23-1 at 21. Correspondence in the litigation that Defense Distributed and DEFCAD brought against Elik in the Southern District of

Florida was addressed to crw@defcad.com as recently as February and April 2026. Ex. F ¶ 11; Exs. G-3, G-4; *see* Doc. 9 at 2.

*The accounts reach each Defendant.* Wilson will receive the papers directly. DEFCAD will receive them at its published inbox and through Wilson, its president, who attests to his involvement in its operations and the maintenance of its Terms. Defense Distributed will receive them through Wilson, its director, who attests to his involvement in its operations. Doc. 1 ¶¶ 13, 15; Doc. 23-1 ¶ 2. A copy to Mr. Flores—who is litigating this action for DD Foundation on the strength of Wilson's declaration, and who currently represents the other three Defendants on appeal—adds a further channel.

The circumstances also show that Wilson already knows exactly what this suit is about. He has reviewed the complaint and cited it by paragraph. Doc. 23-1 ¶ 14. Email will deliver formal process to someone who is already following the case.

**D. No further physical attempt is warranted.**

The companies' registered office is empty, and the Cross Park suite is occupied by people who will not open the door. Another visit to either would add expense without improving notice. Plaintiffs have also submitted DEFCAD and Defense Distributed for service through the Texas Secretary of State, which is their agent for service because their registered agent "cannot with reasonable diligence be found at the registered office." Tex. Bus. Orgs.

Code § 5.251(1)(B); Ex. F ¶ 12. But the Secretary forwards the papers to the entity's registered office—the same vacant suite—so that route, while valid, is unlikely to give actual notice. Email to the accounts identified above will.

If the Court nonetheless concludes that a physical component is warranted, Plaintiffs ask, in the alternative, that the server also be permitted to securely attach a sealed copy of each Defendant's service packet to the door of Suite 3E at 8403 Cross Park Drive and photograph the placement. *See* Tex. R. Civ. P. 106(b)(2).

## III. RELIEF REQUESTED

Plaintiffs respectfully request an order authorizing serving these Defendants as follows:

1. **Documents.** For each Defendant, a PDF copy of that Defendant's summons, the complaint with all exhibits, and the Court's order.
2. **Recipients.** Cody Rutledge Wilson: crw@defdist.org and crw@defcad.com. DEFCAD, Inc.: crw@defcad.com, support@defcad.com, and crw@defdist.org. Defense Distributed: crw@defdist.org and crw@defcad.com. A copy of each packet to Chad Flores at cf@chadflores.law and chad@chadflores.law.
3. **Form.** Each email must identify the Defendant being served and the case name and number, and state that it constitutes service of process under the Court's order. If file-size limits require more than one

message, each message must state its place in the sequence and the total number of messages.

4. **Completion and proof.** Service on a Defendant is complete when the emails for that Defendant are sent, unless a notice of non-delivery is received. The server must file a declaration identifying the recipients, the dates and times of transmission, the documents sent, and any delivery or non-delivery notices, with copies of the transmission records. Any non-delivery must be reported to the Court for further direction.

5. **Alternative physical delivery.** Only if the Court finds it necessary, the server shall also securely attach a sealed, separately addressed packet for each Defendant to the door of Suite 3E, 8403 Cross Park Drive, Austin, Texas 78754, photograph the placement, and describe it in the return.

Dated: October 25, 2026

Respectfully submitted,

*/s/ Zachary Z. Zermay*
**Zachary Z. Zermay, Esq.**
Florida Bar No. 1002905
Zermay Law, P.A.
3000 Coral Way, Suite 1115
Coral Gables, Florida 33145
Telephone: (305) 767-3529
Email: zach@zermaylaw.com
Lead Counsel for Plaintiffs

*/s/ Matthew Larosiere*
**Matthew Larosiere, Esq.**
Florida Bar No. 1005581
The Law Office of Matthew Larosiere
6964 Houlton Circle
Lake Worth, Florida 33467
Telephone: (561) 452-7575
Email: larosieremm@gmail.com
Counsel for Plaintiff John Elik

## LOCAL RULE 3.01(g) CERTIFICATION

Defendants Wilson, DEFCAD, and Defense Distributed have not appeared in this action and have been avoiding service, so there is no counsel of record with whom to confer on their behalf. On October 15, 2026, Plaintiffs' counsel asked Chad Flores—counsel for DD Foundation LLC in this action and counsel of record for Wilson, DEFCAD, and Defense Distributed in the related preceding actions in this Court and in Eleventh Circuit Appeal No. 26-11420—whether he was authorized to accept service on behalf of those three Defendants. Mr. Flores responded the same day that he does not represent them in this action and has no authority to accept service for anyone but DD Foundation LLC. Ex. G-1.

*/s/ Matthew Larosiere*
Matthew Larosiere

## CERTIFICATE OF SERVICE

I certify that on October 25, 2026, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ Matthew Larosiere*
Matthew Larosiere