United States District Court
Middle District of Florida
Orlando Division

MATTHEW LAROSIERE and JOHN ELIK,

Plaintiffs,

v. Case No. 6:26-cv-2173

CODY RUTLEDGE WILSON; DEFCAD, INC.;
DEFENSE DISTRIBUTED; AND
DD FOUNDATION LLC,

Defendants.

---

**Defendant DD Foundation LLC's Response to Plaintiffs' Document 27 Motion to Extend the Deadline to Respond to Defendant DD Foundation LLC's Document 23 Motion**

DD Foundation LLC files this response to Document 27, Plaintiffs' motion "to extend the deadline to respond to Defendant DD Foundation LLC's consolidated motion (Doc. 23) until twenty-one days after the earlier of (1) Plaintiffs' completion of discovery on whether they formed the arbitration agreements on which Part II of that motion depends, or (2) sixty days after entry of the Court's order." Doc. 27 at 1.

**Argument**

Plaintiffs' Document 27 motion for an extension should be denied. Normal practice dictates that Rule 12(b) motions about pleading sufficiency do not await discovery, and likewise for threshold FAA determinations. Pleading-based Rule 12(b) motions are to be met with pleading-based responses. FAA motions proceed similarly, with responses having to make *prima facie* oppositions *as a condition of* achieving any discovery-based delays. For both Rule 12 and the FAA, the fast initial motion practice determines whether discovery occurs—not the other way around.

The normal practice should apply here for all of the usual reasons and more. Everything said in Plaintiffs' Document 27 motion should be asserted on November 6 in the response Plaintiffs want to defer. There is no serious argument for deferring a response to the Rule 12(b)(2) and 12(b)(6) submissions. The FAA supplies no reason for delay either: Plaintiffs seek outside discovery without first offering the obvious evidence—their own declarations. The proper course is to complete briefing now, resolve jurisdiction first, and address arbitration discovery later if necessary.

## I. The normal Rule 12 and FAA procedures should apply.

DD Foundation LLC's Document 23 motion requests relief in a three-part sequence that accords perfectly with normal Rule 12 and FAA practice. Part I seeks dismissal for lack of personal jurisdiction under Rule 12(b)(2); Part II proceeds in the alternative to seek relief under the FAA; and Part III proceeds in the further alternative to seek dismissal for failure to state a valid claim under Rule 12(b)(6). The Court should assess Plaintiffs' discovery-based extension request against all three of those submissions, in the order presented, and reject it.

The governing rules establish a straightforward default. Middle District of Florida Local Rule 3.01(d) gives a party twenty-one days to respond to a motion to dismiss, and Federal Rule of Civil Procedure 6(b)(1)(A) permits an extension only "for good cause." Good cause demands more than bare assertions or speculation that discovery might prove useful; a desire for discovery does not establish either an entitlement to it or a need to obtain it before responding. *See, e.g.*, *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *Barfield v. Brierton*, 883 F.2d 923, 931 (11th Cir. 1989). Plaintiffs must substantiate their claimed need with concrete facts or a persuasive legal showing that the requested discovery is necessary before they can respond. *See id.* Yet Plaintiffs have made no such showing as to any aspect of Document 23. They should respond to all three requests in the usual course, with one document filed by the standard deadline.

**A. Rule 12(b)(2) does not entitle Plaintiffs to preliminary discovery.**

Part I of DD Foundation LLC's Document 23 motion invokes Rule 12(b)(2). In this respect, the motion shows that Plaintiffs' Complaint should be dismissed for lack of personal jurisdiction because it fails to establish sufficient Florida contacts attributable to DD Foundation LLC itself. Doc. 23 at 3–15.

Nothing about the Rule 12(b)(2) aspect of DD Foundation LLC's motion supports Plaintiffs' requested extension. Since this challenge questions only what the complaint pleads, it must be answered in kind. Plaintiffs' response need not and indeed cannot defeat a classic Rule 12(b)(2) motion with proof.

**B. The FAA does not entitle Plaintiffs to preliminary discovery.**

Part II of DD Foundation LLC's Document 23 motion seeks Federal Arbitration Act relief. In this respect, the motion shows that Plaintiffs agreed to binding arbitration of this dispute and that DD Foundation LLC is entitled to enforce the applicable arbitration agreements, requiring at least a stay of the claims pending arbitration if not also an order compelling arbitration. Doc. 23 at 15–23. This does not justify Plaintiffs' discovery-based extension for three reasons.

**1. Arbitration discovery should not precede resolution of personal jurisdiction.**

First, Plaintiffs' requested extension disregards the sequence in which DD Foundation LLC has presented its challenges. Part I of Document 23 seeks dismissal for lack of personal jurisdiction under Rule 12(b)(2). Only in the alternative does

Part II seek relief under the FAA. Plaintiffs nevertheless ask to postpone their response to *both* challenges while pursuing discovery relevant only to the alternative arbitration issue. They have shown no need for that departure from ordinary motion practice.

A court ordinarily should resolve a properly presented personal-jurisdiction challenge before reaching alternative grounds for relief that presuppose jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583–85 (1999); *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007). DD Foundation LLC requests that sequence here.

Plaintiffs identify no need for jurisdictional discovery to respond to that challenge. Their proposed discovery instead concerns the alternative arbitration issue, which supplies no reason to postpone briefing on personal jurisdiction.

**2. Plaintiffs have not put formation genuinely at issue.**

Second, and independently of the appropriate sequencing of DD Foundation LLC's challenges, Plaintiffs have not established the threshold predicate for formation discovery under the FAA. Agreement-formation discovery matters only if "the making of the arbitration agreement … be in issue," 9 U.S.C. § 4, and to do that, the party opposing arbitration must (among other things) make an unequivocal denial that an arbitration agreement exists. Plaintiffs here failed to make an

unequivocal denial that an arbitration agreement exists. So they are not entitled to any of the formation discovery that they assume warrants a deadline extension.

Discovery plays no role in the FAA's default mode of adjudicating motions to stay. Stay requests like this are to be heard "on application of one of the parties," 9 U.S.C. § 3, and any "application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided." 9 U.S.C. § 6. Though the statute has an exception providing for an abbreviated process akin to summary judgment, 9 U.S.C. § 4, the opponent has to earn that path and Plaintiffs have not.

A party wanting to escape the FAA's expedited motion practice and string things out with discovery à la Rule 56 "must unequivocally deny that an agreement to arbitrate was reached and must offer some evidence to substantiate the denial." *Bazemore v. Jefferson Capital Systems, LLC*, 827 F.3d 1325, 1329 (11th Cir. 2016) (quoting *Wheat, First Sec., Inc. v. Green*, 993 F.2d 814, 817 (11th Cir. 1993)); *accord Chastain v. Robinson-Humphrey Co., Inc.*, 957 F.2d 851, 854 (11th Cir. 1992). If the opponent fails to unequivocally deny the agreement's existence, then "the making of the arbitration agreement" is *not* genuinely "in issue," 9 U.S.C. § 4, nothing like a Rule 56 process needs to occur, and proceedings remain in the FAA's default realm of expedited motion practice.

Plaintiffs have not earned the use of Section 4's discovery-based procedures because they failed to unequivocally deny the making of an agreement to arbitrate. *See Bazemore*, 827 F.3d at 1329; *Wheat, First Sec., Inc.*, 993 F.2d at 817; *Chastain*, 957 F.2d at 854. What Plaintiffs needed to say but did not is that Plaintiffs never agreed to either of the Terms of Service Document 23 invoked. What Plaintiffs instead do is carefully dance around the issue, saying only that they never "agreed to arbitrate any claim in this action." Doc. 27 at 4. That statement conspicuously avoids denying acceptance of the asserted Terms of Service. At most, it disputes the scope of arbitration—a question the agreements delegate to the arbitrator.

Critically, these arbitration provisions themselves delegate questions of arbitrability to the arbitrator. Both Terms of Service incorporate the American Arbitration Association's rules, which empower the arbitrator to determine the scope and applicability of the arbitration agreement. *See* Doc. 23 at 18. Incorporating those rules constitutes clear and unmistakable agreement to delegate arbitrability questions. *See Terminix International Co., LP v. Palmer Ranch Ltd. Partnership*, 432 F.3d 1327, 1332 (11th Cir. 2005); *JPay, Inc. v. Kobel*, 904 F.3d 923, 936 (11th Cir. 2018). Thus, while the Court must determine whether Plaintiffs formed the agreements in the first place, whether those agreements encompass the particular claims pleaded here is a question for the arbitrator. *See Coinbase, Inc. v. Suski*, 602 U.S. 143, 149–51 (2024).

Plaintiffs position thus raises, at most, a dispute about the *scope* of the arbitration provisions, not their *formation*. They have not denied accepting the underlying Terms of Service; they have asserted only that they did not agree to arbitrate the particular claims in this lawsuit. But that is precisely the question the agreements delegate to the arbitrator. A dispute about which claims must be arbitrated cannot, without more, justify delaying briefing for discovery into whether the agreements were made in the first place.

Back, then, to expedited FAA practice. Section 4 authorizes discovery-based proceedings only if formation is genuinely in issue, but Plaintiffs have neither unequivocally denied making the agreements nor identified contrary evidence. Without establishing that predicate, they cannot justify a discovery-based extension. Instead, the ordinary expedited practice prescribed by §§ 3 and 6 governs.

**3. Plaintiffs do not need discovery to dispute formation.**

Third, even assuming Plaintiffs have genuinely placed formation at issue, they have failed to show a substantial *need* for their requested discovery. A party seeking discovery before responding to an arbitration motion must demonstrate a concrete need for evidence it cannot otherwise obtain. Plaintiffs have made no such showing. Their request rests on the possibility of finding useful evidence—not a demonstrated inability to oppose the motion without it.

*Hopkins v. World Acceptance Corp.*, 798 F. Supp. 2d 1339 (N.D. Ga. 2011), is directly on point. There, the court denied a motion to continue the deadline for responding to an arbitration motion to permit discovery. *Id.* at 1351–53. The FAA's demand for prompt resolution weighed against delay and the existing record was sufficient to address arbitrability. *Id*. Critically, the plaintiff sought discovery from defendants without first presenting relevant facts already within her personal knowledge. *Id.* So the court refused to permit outside discovery. *Id.* at 1352–53.

Plaintiffs fail that test. They want the response deadline to await extensive outside discovery but identify no essential fact they cannot address without them. Plaintiffs know which websites they visited, what notices they encountered, and how they accessed the disputed material. Yet neither supplies testimony describing that experience or explains why personal knowledge cannot support a response. As in *Hopkins*, Plaintiffs cannot justify delaying arbitration proceedings to investigate matters they could first address themselves. *See id.*; *see also Honig v. Comcast of Georgia I, LLC*, 537 F. Supp. 2d 1277, 1284 (N.D. Ga. 2008) ("allowing such discovery would contravene the policy of the FAA that issues of arbitrability should be determined promptly"); *Bank One, N.A. v. Coates*, 125 F. Supp. 2d 819, 828–29 (S.D. Miss. 2001) ("it does not follow from the fact that defendant takes the position that he did not agree to arbitration that discovery is needed to determine whether the ostensible arbitration agreement is enforceable").

Plaintiffs suggest that none of this matters because DD Foundation LLC has not carried its initial burden to establish an arbitration agreement. Doc. 27 at 2–4. But it has. No special evidentiary rule requires screenshots, source code, or individualized transaction records to prove an arbitration agreement; fully competent evidence may take any other standard form. *See Lamonaco v. Experian Info. Sols., Inc.*, 141 F.4th 1343, 1347-49 (11th Cir. 2025) ("A declaration that sets forth specific facts based on personal knowledge, describes the enrollment process, and appends the operative contract is competent evidence sufficient to satisfy [the] initial burden."); *id.* ("These principles apply equally to so-called 'clickwrap' agreements, in which users assent to terms by clicking a button near a disclosure referencing those terms."). Under these normal principles, the motion's declaration establishes the operative Terms of Service containing the arbitration clauses and how they apply to Plaintiffs' website visits. Doc. 23-1 ¶¶ 7–16. And the Complaint itself confirms those visits and the paid LEGIO membership. Doc. 1 at 9, ¶ 48; id. at 12, ¶¶ 61, 63.

**C. Rule 12(b)(6) does not entitle Plaintiffs to preliminary discovery.**

Part III of DD Foundation LLC's Document 23 motion invokes Rule 12(b)(6). In this respect, the motion shows that the Complaint fails to state a claim against DD Foundation LLC because it relies on collective allegations, unsupported assertions of agency and alter ego, and conclusory allegations that fail to identify DD Foundation LLC's own participation in the challenged conduct. Doc. 23 at 24–26.

Nothing about the Rule 12(b)(6) aspect of DD Foundation LLC's motion supports the Plaintiffs' requested extension. As with its Rule 12(b)(2) challenge, the motion's Rule 12(b)(6) challenge questions only what the complaint pleads and must be answered in kind. Plaintiffs' response need not and indeed cannot defeat a pleading-focused Rule 12(b)(6) motion with proof.

**D. The normal process protects important interests here.**

Plaintiffs request no mere small accommodation. Their extraordinary ask triggers all of the concerns that orthodox Rule 12 and FAA principles guard against.

The discovery they propose is extensive and intrusive. They seek more than five years of historical terms of service, website source code and configuration records, account and payment records, and a four-hour deposition of Wilson or a corporate representative. Doc. 27 at 5–6. That discovery would impose substantial burdens and intrude into the operations of the defendants' businesses before Plaintiffs have even responded to the motion that supposedly justifies it.

Finally, to the extent equitable considerations bear on Plaintiffs' request for extraordinary discovery and delay, their prior conduct warrants caution. In closely related litigation involving these same parties, Elik testified that he had planned to assert counterclaims months earlier but withheld notice because his "gut reaction is to be mean," and that he considered filing them "funny." *Defense Distributed v. Elik*, No. 25-CV-81197, 2026 WL 2584684, at *1 (S.D. Fla. May 8, 2026). The Southern

District of Florida expressly cited that testimony in finding a lack of diligence and refusing to modify its scheduling order. *Id.* at *1-2. That history does not establish misconduct here, but it counsels against granting Plaintiffs another substantial procedural accommodation without a concrete showing of necessity. Discovery is a serious judicial process, not a tactical opportunity for imposing burdens and delay.

Even well-intentioned discovery schedules rarely unfold exactly as planned. Plaintiffs here represented that "Elik will serve his First Request for Production on the Foundation by mail on October 21, 2026." Doc. 27 at 3. But Elik did not mail those requests until October 25, four days later. That modest discrepancy illustrates the problem with making a dispositive motion depend on shaky discovery predictions. Even the first step has departed from Plaintiffs' proposed schedule.

The Court should not make the orderly resolution of threshold motions contingent on an open-ended discovery process whose necessity has not been established and whose timing cannot be assured. Plaintiffs have shown no good cause to replace the established briefing deadline with that uncertainty.[1]

[1] DD Foundation LLC has in this response addressed Plaintiffs' proposed discovery only to demonstrate why it cannot justify their deadline extension request. These and other arguments would also support objections to that discovery if Plaintiffs end up pursuing it; but the discovery's propriety is not presently before the Court. DD Foundation LLC expressly reserves all objections to that discovery, including grounds not raised here, and does not concede that any discovery should proceed even if Plaintiffs timely oppose arbitration. For present purposes, identifying just a few fundamental defects in Plaintiffs' discovery theory suffices to defeat their request to postpone briefing until that discovery is complete.

## Conclusion

DD Foundation LLC continues to request that the Court fully resolve its Rule 12(b)(2) challenge before addressing the alternative FAA and Rule 12(b)(6) grounds. So Plaintiffs should respond to all three grounds by the existing deadline, after which the Court can resolve personal jurisdiction first and determine, only if necessary, whether further proceedings concerning arbitration are warranted. Plaintiffs have shown no reason to delay that initial briefing while pursuing discovery on an issue the Court may never need to reach.

Plaintiffs' Document 27 motion for an extension of the deadline to respond to Defendant DD Foundation LLC's Document 23 motion should be denied.

Respectfully submitted,

/s/ Chad Flores
Chad Flores
chad@chadflores.law
Texas Bar No. 24059759
Flores Law PLLC
917 Franklin Street
Suite 600
Houston, Texas 77002
T (713) 364-6640
F (832) 645-2496

Counsel for DD Foundation LLC