**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MATTHEW LAROSIERE and JOHN ELIK,

Plaintiffs,

Case No. 6:26-cv-2173-JSS-LHP

v.

CODY RUTLEDGE WILSON; DEFCAD, INC.; DEFENSE DISTRIBUTED; and DD FOUNDATION LLC,

Defendants.
_________________________________/

**UNIFORM CASE MANAGEMENT REPORT**

## 1. Date and Attendees

The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Fed. R. Civ. P. 26(f)(2).

The parties conducted the planning conference on October 20, 2026. Matthew Larosiere and Zachary Z. Zermay, for Plaintiffs, and Chad Flores, for Defendant DD Foundation LLC, attended the conference.

Defendants Cody Rutledge Wilson, DEFCAD, Inc., and Defense Distributed were served on October 27, 2026, when their counsel, Leia V. Leitner of Wilson Elser Moskowitz Edelman & Dicker LLP, accepted service on their behalf. Their responses to the complaint are due November 17, 2026. They have not appeared. Plaintiffs provided this

report in draft to Ms. Leitner on November 1, 2026, and asked for her clients' positions by the due date. She declined to provide any, asserting that the report is not due until November 25, 2026, because Local Rule 3.02(b)(1) allows forty days from DD Foundation LLC's October 16 appearance. Plaintiffs' counsel explained that Federal Rule of Civil Procedure 26(f)(2) requires the written report within 14 days after the parties' conference. The conference occurred on October 20, so the report is due today. Although they were not given the opportunity to attend the meet-and-confer conference held on October 20, 2026, Defendants Cody Rutledge Wilson, DEFCAD, Inc., and Defense Distributed state that they do not consent to litigate the merits in this jurisdiction; they exercise their right to arbitrate, request a stay under 9 U.S.C. § 3; or raise any other defense or objection, each of which it expressly preserves. Further, Defendants Cody Rutledge Wilson, DEFCAD, Inc., and Defense Distributed expressly reserve all rights, defenses, and objections, including, without limitation, all objections to personal jurisdiction, subject matter jurisdiction, venue, and the sufficiency of process and service of process, and nothing herein shall be construed as a waiver of any such right, defense, or objection, or as consent to the jurisdiction of this Court.

Plaintiffs' response: The parties' Rule 26(f) conference occurred on October 20, 2026, while these Defendants were avoiding service: a process server could not reach them, and their registered agent's office was vacant. The Rules provide for parties served after the conference, see Fed. R. Civ. P. 26(a)(1)(D), and do not require a second conference. Plaintiffs nonetheless offered these Defendants a separate conference as a courtesy. When Ms. Leitner offered on their behalf to waive service, Plaintiffs agreed to request waivers if these Defendants would participate in a Rule 26(f) conference within 72 hours. On October 27, Ms. Leitner declined, stating that DEFCAD, Inc. and Defense Distributed "do not agree to the Rule 26(f) conference within 72 hours," and instead accepted service as an agent authorized to receive it under Rules 4(e)(2)(C) and 4(h)(1)(B). That evening, Plaintiffs again asked for

her "most prompt availability for a 26(f) conference." She did not respond. She twice declined to provide these Defendants' positions, on November 2 and again early on November 3, though Plaintiffs had told her the report would be filed today and would inform the Court that she had declined. She provided them only at 10:11 a.m. on November 3, 2026, the day of filing.

**DD Foundation LLC's statement:** DD Foundation LLC participated in the planning conference and joins this report because the Federal Rules of Civil Procedure, Local Rule 3.02, and the Initial Order (Doc. 6) require it. That participation is not consent to litigate the merits in this forum. It does not waive DD Foundation LLC's objection to personal jurisdiction, its right to arbitrate, its request for a stay under 9 U.S.C. § 3, or any other defense or objection, each of which it expressly preserves. DD Foundation LLC speaks only for itself. In this action, its counsel does not represent the other Defendants, and nothing in DD Foundation LLC's positions states theirs.

## 2. Deadlines and Dates

Plaintiffs request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | November 3, 2026 (Plaintiffs and DD Foundation LLC); November 16, 2026 (Defendants Cody Rutledge Wilson, DEFCAD, Inc., and Defense Distributed) |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | February 1, 2027 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). | Plaintiff: May 3, 2027<br>Defendant: June 1, |

| | |
|---|---|
| | 2027<br>Rebuttal: June 15, 2027 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | July 30, 2027 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | Not applicable |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | August 30, 2027 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br>Donna M. Doyle, Mediate First, Inc., 200 E. Robinson Street, Suite 700, Orlando, FL 32801, (407) 649-9495 | August 13, 2027 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | January 7, 2028 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | January 14, 2028 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | January 21, 2028 |
| Month and year of the trial term. | February 2028 |

The trial will last approximately five days and be

☒ jury.

☐ non-jury.

**DD Foundation LLC's position:** Apart from initial disclosures, which it will timely serve (see Section 9.A), DD Foundation LLC asks the Court not to set deadlines governing DD Foundation LLC until the Court resolves Doc. 23. That motion asks the Court to decide personal jurisdiction first, to reach arbitration only if jurisdiction exists, and to reach Rule 12(b)(6) only for claims the Court retains and does not refer. Doc. 23 at 2, 15, 24. Each ruling could remove DD Foundation LLC from

this Court or narrow the claims against it. The other three Defendants also have not appeared, and their responses to the complaint are due November 17, 2026. Their positions will bear on the scope, sequence, and length of any schedule. If any claim against DD Foundation LLC remains in this Court after Doc. 23 is resolved, DD Foundation LLC proposes that the parties file a supplemental case management report within 14 days of that order and that the Court then set the deadlines governing DD Foundation LLC. If the Court enters a scheduling order before then, DD Foundation LLC takes no position on Plaintiffs' proposed dates, trial length, jury designation, or mediator, and it reserves the right to seek modification after Doc. 23 is resolved and the other Defendants appear.

**Defense Distributed, Cody Wilson, DEFCAD, Inc.'s position ("Defendants"):** Defendants have not appeared, and their responses to the complaint are due November 17, 2026. Thus, Defendants propose that the parties file a supplemental case management report within 14 days of the Court's Case Management Order and that the Court then set deadlines for Defendants. If the Court enters a scheduling order before then, Defendants take no position on Plaintiffs' proposed dates, trial length, jury designation, or mediator, and it reserves the right to seek modification until after they have appeared.

**Plaintiffs' position:** The Court should enter a scheduling order now. A pending motion to dismiss or to compel arbitration does not stay the case, DD Foundation LLC has not moved for a stay, and deferring all deadlines would give it the stay it has not sought.

**3. Description of the Action**

Plaintiffs Matthew Larosiere and John Elik sue Defendants Cody Rutledge Wilson, DEFCAD, Inc., Defense Distributed, and DD Foundation LLC for copyright infringement under 17 U.S.C. § 501 and for knowingly providing and distributing false copyright management information under 17 U.S.C. § 1202(a). Elik also asserts claims for false

affiliation and false endorsement under 15 U.S.C. § 1125(a)(1)(A). Plaintiffs allege that the claims arise from reproductions and distributions of Plaintiffs' works that began in August 2026. The action involves multiple works and four defendants. DD Foundation LLC has moved to dismiss for lack of personal jurisdiction or, alternatively, to compel arbitration and to dismiss for failure to state a claim (Doc. 23). DD Foundation LLC contends that this Court lacks personal jurisdiction over it, that any claims against it must be resolved in binding arbitration in Austin, Texas, and that the complaint fails to state a claim against it. It reserves all defenses. Defense Distributed, Cody Wilson, DEFCAD, Inc. contends that this Court lacks personal jurisdiction over it, that any claims against it must be resolved in binding arbitration in Austin, Texas, and that the complaint fails to state a claim against it. Defendants Cody Rutledge Wilson, DEFCAD, Inc., and Defense Distributed expressly reserve all rights, defenses, and objections, including, without limitation, all objections to personal jurisdiction, subject matter jurisdiction, venue, and the sufficiency of process and service of process, and nothing herein shall be construed as a waiver of any such right, defense, or objection, or as consent to the jurisdiction of this Court.

## 4. Disclosure Statement

☐ Each party has filed a disclosure statement using the required form.

Plaintiffs (Docs. 10, 12) and DD Foundation LLC (Doc. 26) have filed disclosure statements. The other Defendants have not appeared.

## 5. Related Action

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

**6. Consent to a Magistrate Judge**

☐ The parties do consent and file with this case management report a completed Form AO 85 “Notice, Consent, and Reference of a Civil Action to a Magistrate Judge,” which is available on the Court’s website under “Forms.”

☒ The parties do not consent.

**7. Preliminary Pretrial Conference**

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference.

**8. Discovery Practice**

The parties should read the Middle District Discovery Handbook, available on the Court’s website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

**9. Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☒ Yes. Plaintiffs propose that the Federal Rules of Civil Procedure and this Court’s Local Rules apply as written, with no changes to disclosure requirements or timing.

☐ No; instead, the parties agree to these changes:

**DD Foundation LLC's position:** DD Foundation LLC will serve its Rule 26(a)(1) disclosures on November 3, 2026, because the Rules require them. It serves them subject to its statement in Section 1, and the disclosures do not waive its objections to discovery directed to it before the Court resolves Doc. 23.

**Defense Distributed, Cody Wilson, DEFCAD, Inc**. proposes to serve its Rule 26(a)(1) disclosures on or around November 16, 2026, as they were recently served with the Summons and Complaint on October 27, 2026. These disclosures do not waive Defendants' objections to discovery based on personal or subject matter jurisdictional issues, or dismissal under Fed. R. Civ. P. 12(b)(6). Defendants Cody Rutledge Wilson, DEFCAD, Inc., and Defense Distributed expressly reserve all rights, defenses, and objections, including, without limitation, all objections to personal jurisdiction, subject matter jurisdiction, venue, and the sufficiency of process and service of process, and nothing herein shall be construed as a waiver of any such right, defense, or objection, or as consent to the jurisdiction of this Court.

B. Discovery may be needed on these subjects: Discovery is governed by Federal Rule of Civil Procedure 26(b)(1) and extends to any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Without limiting that scope, Plaintiffs anticipate discovery on personal jurisdiction; the asserted arbitration agreement and any alleged assent to contractual terms; ownership and use of the works at issue; each Defendant's involvement in the conduct alleged; the relationships among the Defendants; and damages and other requested relief.

**DD Foundation LLC's position:** Discovery directed to DD Foundation LLC should not proceed until the Court resolves Doc. 23. Its Rule 12(b)(2) and Rule 12(b)(6) challenges test only the complaint's allegations and require no discovery. Plaintiffs have not put the making of an arbitration agreement in issue under 9

U.S.C. § 4, and any arbitration-related discovery should await the Court's ruling on personal jurisdiction. Doc. 31 at 4–11. If any claim against DD Foundation LLC remains in this Court after that ruling, discovery should be defined by Rule 26(b)(1) and the claims and defenses then at issue.

**Defense Distributed, Cody Wilson, DEFCAD, Inc. position:** Discovery directed to Defense Distributed, Cody Wilson, DEFCAD, Inc. should not proceed until these Defendants have appeared and responded to the Complaint on November 17, 2026. They reserve all rights.

C. Discovery should be conducted in phases:

☒ No. **Plaintiffs' position**: discovery should proceed on all subjects under the Federal Rules as written. Defendant DD Foundation LLC's pending motion (Doc. 23) does not stay discovery, and no stay has been sought or entered.

☒ Yes. **DD Foundation LLC's position:** Proceedings as to DD Foundation LLC should follow the order of resolution Doc. 23 requests: personal jurisdiction first; arbitration only if jurisdiction exists; and Rule 12(b)(6) only for claims the Court retains and does not refer. Doc. 23 at 2, 15, 24; Doc. 31 at 3–5, 13. DD Foundation LLC opposes discovery on each of the three grounds Doc. 23 presents while that motion is pending. Doc. 23 moves to stay all claims against DD Foundation LLC under 9 U.S.C. § 3, and that stay is mandatory once the Court finds the claims arbitrable. If necessary, DD Foundation LLC will promptly move to stay discovery directed to it until the Court resolves Doc. 23.

**Plaintiffs' response:** A stay under 9 U.S.C. § 3 follows only a finding that an issue is referable to arbitration; it does not stay discovery while a motion to compel is pending. Plaintiffs

served discovery on DD Foundation LLC on October 25, 2026, and absent a court order its responses are due November 27, 2026.

**Defense Distributed, Cody Wilson, DEFCAD, Inc. position:** Discovery directed to Defense Distributed, Cody Wilson, DEFCAD, Inc. should not proceed until these Defendants have appeared and responded to the Complaint on November 17, 2026. They reserve all rights.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☒ No.

☐ Yes.

☒ E. The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒ No.

☐ Yes.

**10. Request for Special Handling**

☒ Plaintiffs do not request special handling.

☐ The parties request special handling.

☒ DD Foundation LLC unilaterally requests special handling. Specifically, DD Foundation LLC requests that the Court (1) resolve Doc. 23 in the order presented: personal jurisdiction first, then arbitration, then Rule 12(b)(6) for any claims retained and not

referred; and (2) defer setting deadlines governing DD Foundation LLC until that ruling, with a supplemental case management report due 14 days afterward if any claim against DD Foundation LLC remains in this Court. DD Foundation LLC will separately move to stay discovery directed to it pending that ruling.

Plaintiffs oppose DD Foundation LLC's request for the reasons stated in Sections 2 and 9.C.

**Defense Distributed, Cody Wilson, DEFCAD, Inc. position:** Discovery directed to Defense Distributed, Cody Wilson, DEFCAD, Inc. should not proceed until these Defendants have appeared and responded to the Complaint on November 17, 2026. They reserve all rights.

## 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures


*/s/ Zachary Z. Zermay*
Zachary Z. Zermay
Florida Bar No. 1002905
Zermay Law, P.A.
3000 Coral Way, Suite 1115
Coral Gables, FL 33145
(305) 767-3529
zach@zermaylaw.com
Lead Counsel for Plaintiffs
Date: November 3, 2026

*/s/ Matthew Larosiere*
Matthew Larosiere
Florida Bar No. 1005581
The Law Office of Matthew Larosiere
6964 Houlton Cir.
Lake Worth, FL 33467
(561) 452-7575
larosieremm@gmail.com
Counsel for Plaintiff John Elik
Date: November 3, 2026

/s/ Chad Flores
Chad Flores

*/s/ Leia V. Leitner*
Leia V. Leitner

Texas Bar No. 24059759
Flores Law PLLC
917 Franklin Street, Suite 600
Houston, TX 77002
(713) 364-6640
chad@chadflores.law
Counsel for Defendant DD Foundation LLC
Date: November 3, 2026

Florida Bar No. 0105621
Wilson Elser Moskowitz Edelman & Dicker LLP, 111 North Orange Avenue, Suite 1200, Orlando, FL 32801,
leia.leitner@wilsonelser.com,
Counsel for Defendants Cody Rutledge Wilson, DEFCAD, Inc., and Defense Distributed