**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MATTHEW LAROSIERE and JOHN ELIK,
Plaintiffs,
v.
CODY RUTLEDGE WILSON; DEFCAD, INC.; DEFENSE DISTRIBUTED; and DD FOUNDATION LLC,
Defendants.
___________________________________/

Case No. 6:26-cv-2173-JSS-LHP

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO EXTEND (DOC. 27)**

DD Foundation LLC's response misrepresents Elik's deposition testimony, the Southern District of Florida order it relies on, Plaintiffs' motion, and its own cases.

**The testimony.** DD Foundation tells the Court that Elik "withheld notice because his 'gut reaction is to be mean,' and that he considered filing them 'funny.'" Doc. 31 at 11. Asked why Defendants had not been told of the counterclaims earlier, Elik answered:

> A. Sorry, my gut reaction is to be mean. I'm sorry, that's wrong of me. Because we don't have to.

Ex. 1 at 253:1–3. The reason was "[b]ecause we don't have to." The words before it were an apology for how blunt that answer would sound. DD Foundation knows this. When it first put this excerpt before a court, its own motion said Elik did not give notice because he believed he "[didn't] have to." S.D. Fla. Doc. 124 at 2. Its response here keeps the apology and drops the reason. And "funny" described not the counterclaims but a cartoon bear trap Wilson and his entities had sprung. Ex. 1 at 253:17–254:5.

**Elik never had the chance to answer it.** DD Foundation and its co-plaintiffs filed those excerpts with a motion to strike on April 30, 2026. S.D. Fla. Doc. 124. The court ruled before Elik's response was due, denying that motion as moot. Ex. 2 at 4. In the footnote attached to the testimony, the court noted that it appeared in a motion "to which Defendants have not yet

responded" and stated that it did "not rely on any failure to rebut that testimony." *Id.* at 3 n.1. DD Foundation now tells this Court that the order "expressly cited that testimony in finding a lack of diligence," Doc. 31 at 11–12, omits the footnote, and asks this Court to draw an inference from testimony Elik was never given the chance to explain. It deserves no weight.

**Plaintiffs denied that any agreement was made.** DD Foundation says Plaintiffs "carefully dance around" formation and dispute only the scope of arbitration. Doc. 31 at 7–8. Plaintiffs' motion said: "Plaintiffs deny that either of them agreed to arbitrate any claim in this action." Doc. 27 at 4. It also demanded a jury trial under 9 U.S.C. § 4 on "whether either Plaintiff assented to the DD LEGIO Terms of Service or the DEFCAD Terms of Service." *Id.* at 7. Plaintiffs were disputing whether any agreement exists, not what one covers. DD Foundation instead points to the downloads Larosiere made to confirm the infringement before suing. Doc. 31 at 10. A court rejected that same argument as one that "would make little sense and would be contrary to sound public policy," asking why a plaintiff should "be deprived of a judicial forum that it would ordinarily be entitled to just because it takes steps to ensure that it is meeting its judicially required obligations." *E & E Co. v. Light In The Box Ltd.*, No. 15-cv-00069-EMC, 2015 WL 5915432, at *8 (N.D. Cal. Oct. 9, 2015).

**DD Foundation's cases do not say what it says.** It quotes *Bazemore* to propose that a party resisting arbitration "must unequivocally deny that an agreement to arbitrate was reached and must offer some evidence to substantiate the denial." Doc. 31 at 6. But *Bazemore* quoted that rule only to explain that it predates *First Options* and that no published Eleventh Circuit decision had applied it in the "nearly quarter-century since." *Bazemore v. Jefferson Cap. Sys., LLC*, 827 F.3d 1325, 1329–30 (11th Cir. 2016). It held instead that "[t]he party asserting the existence of a contract has the burden of proving its existence and its terms." *Id.* at 1330. *Bazemore* filed no affidavit denying the agreement, and the motion to compel still failed as a matter of law. *Id.* at 1334. *Chastain*, which DD Foundation cites "accord," **is the source of the rule *Bazemore* set aside**. *Id.* at 1329–30. And *Hopkins*, which DD Foundation calls "directly on point," involved a plaintiff who had signed the arbitration agreement and wanted discovery into unconscionability and the merits, not formation. *Hopkins v. World Acceptance Corp.*, 798 F. Supp. 2d 1339, 1342, 1351 (N.D. Ga. 2011).

Dated: November 3, 2026

*/s/ Zachary Z. Zermay*
Zachary Z. Zermay
Florida Bar No. 1002905
Zermay Law, P.A.
3000 Coral Way, Suite 1115
Coral Gables, FL 33145

*/s/ Matthew Larosiere*
Matthew Larosiere
Florida Bar No. 1005581
The Law Office of Matthew Larosiere
6964 Houlton Cir.

(305) 767-3529
zach@zermaylaw.com
Lead Counsel for Plaintiffs

Lake Worth, FL 33467
(561) 452-7575
larosieremm@gmail.com
Counsel for Plaintiff John Elik