# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DEFENSE DISTRIBUTED, a Texas corporation; DD FOUNDATION, LLC, a Texas limited liability company; and DEFCAD, INC., a Texas corporation,

Plaintiffs,

v.

JOHN ELIK, individually; MATTHEW LAROSIERE, individually; ALEXANDER HOLLADAY, individually; PETER CELENTANO, individually; JOSH KIEL STROKE, individually; and JOHN LETTMAN, individually; and ZACKARY CLARK, individually,

Defendants.

No. 9:25-cv-81197
Middlebrooks/
Matthewman

DISCOVERY DEPOSITION OF

JOHN ELIK

April 21, 2026

Volume I

Stenographically Reported by:
ANDREW R. PITTS, CSR, RPR

April 21, 2026

9:05 a.m. Central Time

The discovery deposition of JOHN ELIK, pursuant to Notice, pursuant to the Federal Rules of Civil Procedure for the United States District Courts pertaining to the taking of remote videoconference depositions before Andrew R. Pitts, Certified Shorthand Reporter, Registered Professional Reporter.

A P P E A R A N C E S:

ATTORNEY FOR PLAINTIFFS:

FOSTER PC
HOWARD FOSTER, Esquire
155 North Wacker Drive
Suite 4250
Chicago, Illinois 60606
312-726-1600
hfoster@fosterpc.com

ATTORNEY FOR DEFENDANTS:

ZERMAY LAW GROUP
MATTHEW MICHAEL LAROSIERE, Esquire
ZACHARY ZERMAY, Esquire
6964 Houlton Circle
Lake Worth, Florida 33467-8744
561-452-7575
larosieremm@gmail.com

ALSO PRESENT:

BAILEY FINNESTAD, concierge and exhibit sharing;

JOHN P. LETTMAN, Defendant.

I N D E X


| JOHN ELIK | EXAMINATION |
|---|---|
| BY MR. FOSTER | 5 |
| BY MR. LAROSIERE | 315 |


E X H I B I T S


| FOSTER | DESCRIPTION | PAGE |
|---|---|---|
| Exhibit 1 | Litigation hold letter | 70 |
| Exhibit 2 | Response packet | 141 |
| Exhibit 3 | Navi of Boomhandia message | 142 |
| Exhibit 4 | 5/15/23 message | 167 |
| Exhibit 5 | 1/14/23 message | 172 |
| Exhibit 6 | 5/15/23 message at 8:34 a.m. | 185 |
| Exhibit 7 | 5/8/24 message | 196 |
| Exhibit 8 | 2/28/24 message | 209 |
| Exhibit 9 | 2/22/24 message | 213 |
| Exhibit 10 | August 2022 messages from Ivan | 227 |
| Exhibit 11 | FEDCAD meme | 254 |
| Exhibit 12 | Meet The Team meme | 280 |
| Exhibit 13 | 5/15/23 messages at 8:01 a.m. | 291 |
| Exhibit 14 | Plastikov advertisement | 299 |

(Whereupon, the following proceedings were held via videoconference.)

(Whereupon, the witness was administered an oath.)

JOHN ELIK,

called as a witness herein, having been first administered an oath, was examined and testified remotely via videoconference as follows:

EXAMINATION

BY MR. FOSTER:

Q. Okay. So we are on the record. It is 9:05 a.m. Central time, and this is the deposition of John Elik.

Do you pronounce it "Elik" or "Eelik"?

A. "Elik," that's correct, you got it. That's rare.

Q. John "Elik," under the Rules of the Federal Civil Procedure. Mr. Elik is driving in his car, but he's got a --

A. I think I'm driving. Oh, hands free.

Q. Hands-free driving, oh.

A. I'm not driving.

Q. All right. Okay. So let's begin.

Mr. Elik, what is your date of birth,

Q. Okay. Well, when did you decide to bring this counterclaim?
A. Geez, I guess it seemed opportune to me. I guess you -- when did I? I don't know if this breaches attorney-client privilege stuff, but when did I --
Q. No, I'm not asking for the communication.
When did you decide to bring your counterclaim?
A. Months ago probably, months ago. I decided that probably in the motion to dismiss gets denied, this case to going to get interesting as a result of counterclaims being brought.
Q. Okay. So months ago.
A. Right? Because, I mean, your client has committed a lot of legal wrongs against me, and I have a right to have those claims be heard. And if he chooses this venue to sue me if, so be it.
Q. Okay. Do you know why you didn't, either you or your lawyer didn't tell us of your intention to bring a counterclaim until yesterday?

A. Sorry, my gut reaction is to be mean. I'm sorry, that's wrong of me. Because we don't have to.

Q. Well, at the beginning of a lawsuit, there is what we call a scheduling conference. Both parties are to talk about what they want, so the plans for the litigation, and there was no discussion of a counterclaim at that point.

A. Yeah, because this lawsuit is baseless, and I can't read tea leaves, right? Middlebrooks has his reason for denying it. He put it in the motion to dismiss, right, his order denying the motion to dismiss? He's got his reasons and his justifications for doing that, but --

Q. Yeah.

A. -- you know, my thought in the back of my head was always if we're locked in here with him, it's actually that he's locked in here with us, your client that is.

Q. Right. So you had that idea in your head way back when, when this lawsuit was first filed, right?

A. I'm not a legal savant, but yeah, like, me personally, me the individual?

Q. Yeah.
A. Like, that would be so funny. Like, if you want to stick your foot in a bear trap and it bites your whole leg off, it's funny, right? It's like a cartoon.
MR. FOSTER: Okay. Let's look at the next exhibit, okay? FEDCAD meme, please.
MS. FINNESTAD: Please stand by. This will be Exhibit 11.
(Whereupon, Elik Exhibit 11 was presented.)
BY MR. FOSTER:
Q. Just tell me when you've got it.
A. I got it.
Q. All right. No. 11, have you seen this before, Mr. Elik?
A. I have.
Q. Where have you seen this?
A. In the complaint.
Q. You've seen it in the complaint. Is that the first time you saw it?
A. It's the first time I can be dead certain I saw it. How about that?
Q. Well, I think you've seen it before that.