**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 25-cv-81197-MIDDLEBROOKS

DEFENSE DISTRIBUTED,
et al.,

Plaintiffs,

v.

JOHN ELIK, et al.,

Defendants.

__________________________________________/

**OMNIBUS ORDER**

THIS CAUSE comes before the Court upon Plaintiffs' Motion to Strike Counterclaims (DE 124); Defendants' Motion to Set a Separate Counterclaim Discovery and Trial Schedule, or Alternatively for Leave Nunc Pro Tunc (DE 119); and (3) Plaintiffs' Motion for Extension of Time to Respond to Counterclaims (DE 127).

On December 16, 2025, a Scheduling Order was entered establishing January 22, 2026 as the deadline to join additional parties and amend pleadings. (DE 36). Plaintiffs filed the operative Second Amended Complaint with leave of Court on February 6, 2026. (DE 48, 49). Defendants filed Rule 12 motions, which were denied on April 6, 2026. (DE 90).

On April 20, 2026, Defendants filed a 113-page Answer and Counterclaims naming six new counterclaim defendants and asserting fourteen claims under federal law and the laws of Illinois, Florida, Texas, Arizona, and Pennsylvania. (DE 116). Defendants did not seek leave before filing.

During an April 21, 2026 deposition, Defendant Elik testified that he had planned to file the counterclaims "months ago" and did not notify Plaintiffs because his "gut reaction is to be mean." (DE 124-1 at 252-53). He further testified that he viewed filing the counterclaims as "funny." *Id*. at 253-254.

Federal Rule of Civil Procedure 16 requires the Court to issue a scheduling order setting forth the deadlines upon which the case will proceed. Fed. R. Civ. P. 16(b). Once entered, that schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good-cause standard "precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's note). Diligence is the touchstone. If the moving party was not diligent, the inquiry ends. *Id.*

The Scheduling Order set January 22, 2026 as the deadline to amend pleadings and join parties. Defendants filed their counterclaims on April 20, 2026, nearly three months after the deadline. The counterclaims add six new parties and assert fourteen claims, most of which arise under state laws unrelated to Plaintiffs' claims. Defendants did not seek leave before filing.

Defendants argue that their counterclaims were timely because they were filed with their first responsive pleading after the Rule 12 ruling. But Rule 16 deadlines are not suspended by the filing of a Rule 12 motion, Parties anticipating counterclaims routinely seek extensions or conditional leave before the amendment deadline.

Here, the record affirmatively demonstrates a lack of diligence. Defendant Elik testified that he had planned the counterclaims "months ago," withheld notice because his "gut reaction is to be mean," and viewed filing the counterclaims as "funny." (DE 124-1 at 252:22–253:3; 253:21–

254:5).[1] This testimony is inconsistent with any assertion that the counterclaims "could not have been timely filed despite the diligence of the party seeking the extension." *Sosa*, 133 F.3d at 1418. On this record, the Rule 16 good cause standard is not satisfied. Because the Scheduling Order deadline passed months before the counterclaims were filed, and because the evidence demonstrates that Defendants had long contemplated asserting these claims but chose not to seek leave before the deadline, the Rule 16 inquiry ends.

Even if Defendants had shown diligence, the counterclaims would substantially expand this litigation. They add six new parties, assert fourteen claims under five bodies of law; raise personal jurisdiction and venue issues; require extensive new discovery; and would delay a trial set to begin in less than three months. These concerns weigh strongly against permitting amendment at this stage, particularly where Defendants have made no showing that any of the counterclaims are compulsory.

Defendants request a separate discovery and trial schedule if the counterclaims proceed. Because the counterclaims cannot proceed, the request for bifurcation is moot.

Lastly, Plaintiffs request an extension of time to respond to the counterclaims until 20 days after I rule on the Motion to Strike and all counterdefendants have been served, or alternatively

[1] I recognize that this testimony appears in Plaintiffs' Motion to Strike, to which Defendants have not yet responded. I do not rely on any failure to rebut that testimony. Even without reference to the deposition excerpts, Defendants have not shown diligence. Their motion offers no explanation for filing fourteen counterclaims and adding six new parties nearly three months after the amendment deadline, and their sole argument—that they were permitted to wait until filing an Answer—does not satisfy Rule 16's good cause standard.

until May 27, 2026. Because the counterclaims will be stricken, no response is required, and the motion is moot.[2]

Defendants filed their counterclaims after the Court's deadline to amend pleadings and join parties, without seeking leave and without demonstrating diligence under Rule 16. The counterclaims therefore cannot proceed in this action. Because the counterclaims will not move forward, Plaintiffs' related motions are moot.

Accordingly, it is **ORDERED AND ADJUDGED**:

1) Defendants' Motion to Set a Separate Counterclaim Discovery and Trial Schedule, or Alternatively for Leave Nunc Pro Tunc (DE 119) is **DENIED**.
2) Plaintiffs' Motion to Strike Counterclaims (DE 124) is **DENIED AS MOOT**.
3) Plaintiffs' Motion for Extension of Time to Respond to Counterclaims (DE 127) is **DENIED AS MOOT**.
4) The existing Scheduling Order remains in full force and effect.

**SIGNED** in Chambers at West Palm Beach, Florida, this 8th day of May, 2026.

Donald M. Middlebrooks
United States District Judge

Copies to: Counsel of Record

---

[2] Plaintiffs' Motion to Strike Affirmative Defenses (DE 130) is not implicated by the counterclaim related motions resolved herein and will be addressed separately.