**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MATTHEW LAROSIERE and JOHN ELIK,**
**Plaintiffs,**

**vs.** **Case No.: 6:26-cv-2173-JSS-CAB**

**CODY RUTLEDGE WILSON,**
**DEFCAD, INC., DEFENSE DISTRIBUTED,**
**and DD FOUNDATION,**

**Defendants.**
_____________________________________/

# DEFENDANTS' MOTION TO STRIKE IMMATERIAL, IMPERTINENT, AND SCANDALOUS ALLEGATIONS FROM THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(f) AND INCORPORATED MEMORANDUM OF LAW

Defendants, **CODY RUTLEDGE WILSON**, **DEFCAD, INC.** ("DEFCAD"), and **DEFENSE DISTRIBUTED** (collectively, "Defendants"), under Federal Rule of Civil Procedure 12(f) and Local Rule 3.01, move to strike the immaterial, impertinent, and scandalous allegations identified below from the Complaint and Demand for Jury Trial (Dkt. No. 1) (the "Complaint"), and state as follows[1]:

[1] Defendants file this Motion together with, and without waiving any argument, their Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim, or, in the Alternative, to Compel Arbitration or Transfer Venue (the "Motion to Dismiss"). Defendants do not consent to this Court's jurisdiction, waive their right to arbitrate, or waive their request to transfer by filing this Motion.

## I. INTRODUCTION

This is a copyright case. Plaintiffs allege that seven (7) DEFCAD.com postings were created in August 2026, that five (5) postings were removed in March 2026, and that Defendants reproduced Plaintiffs' registered photographs and one literary work. They assert claims for copyright infringement (Dkt. No. 1, at ¶¶165–208), false copyright management information under 17 U.S.C. § 1202(a) (*Id.* at ¶¶209–264), and, for Elik, false endorsement under 15 U.S.C. § 1125(a)(1)(A) arising from the "Vilanterol" account (*Id.* at ¶¶265–288.) Those claims turn on ownership, copying, the content of the web pages, the account's operation, and Defendants' knowledge.

The Complaint, however, devotes page after page to matters unrelated to whether any Defendant copied Plaintiffs' works. It accuses Wilson of sending a "death threat" through a book and a bookmark (*Id.* at ¶137). It recites a newsletter's "sexualized descriptions of a purported intimate homosexual relationship" between the Plaintiffs, and literary allusions it calls references to Plaintiffs' "deaths" (*Id.* at ¶¶ 139–40). It quotes a vulgar blog post (*Id. at* ¶ 136), calls a supposed board member "a fugitive from justice" (*Id.* at ¶19), and describes the removal of Wilson's father from an officer position (*Id.* at ¶¶ 28–29). These allegations do not support any element of any claim.

Their only purpose and effect is to smear Defendants in a public filing, inflame a jury, and broaden discovery into matters unrelated to the accused postings. Rule 12(f) exists to remove precisely this material.

## II. LEGAL STANDARD

Under Rule 12(f), "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Court may act on a party's motion made before responding to the pleading, or on its own at any time. Fed. R. Civ. P. 12(f)(1)–(2). "Immaterial" matter has no essential or important relationship to the claims for relief; "impertinent" matter consists of statements that do not pertain, and are not necessary, to the issues in question; and "scandalous" matter unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court. *See* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (3d ed.) (1998).

Although motions to strike are generally disfavored, courts in this District grant them where the challenged allegations "ha[ve] no possible relation to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.,* 881 F. Supp. 574, 576 (M.D. Fla. 1995); *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962) (motion to strike appropriate where the allegations have "no possible relation to the controversy"); *see also Carlson Corp. / Southeast v. School Board of Seminole County, Florida*, 778 F. Supp. 518, 519 (M.D. Fla. 1991) (explaining that "[m]otions to strike on the grounds of insufficiency, immateriality, irrelevancy, and redundancy are not favored, often being considered 'time wasters,' and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.").

As discussed in detail below, the challenged allegations do not support the claims for copyright infringement, false affiliation, and DMCA violations asserted in this action.

## III. ARGUMENT AND AUTHORITIES

### A. The Challenged Allegations Have No Bearing on Any Element of Plaintiffs' Claims.

Copyright infringement requires (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Willfulness, which matters only for the amount of statutory damages, turns on whether the defendant knew or recklessly disregarded that its conduct was infringing. *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255, 1271 (11th Cir. 2015); *see also* 17 U.S.C. § 504(c)(2). A § 1202(a) claim turns on the information conveyed with copies of the work and the defendant's knowledge and intent concerning that information. 17 U.S.C. § 1202(a). And Elik's false-endorsement claims turn on whether the IvanTheTroll account and related promotion were likely to confuse consumers about his affiliation or approval. 15 U.S.C. § 1125(a)(1)(A).

None of the challenged allegations concerns ownership, copying, the content of the accused pages, Defendants' knowledge of Plaintiffs' copyrights, or consumer confusion about the IvanTheTroll account. They fall into four categories.

### B. Allegations of Threats, Harassment, and Personal Animus (Dkt. No. 1 at ¶¶ 32, 136–42, and Related Phrases in Dkt. No. 1 ¶¶ 60 and 143).

Paragraphs 136 through 142 describe a May 2024 blog post using a vulgar insult (*Id.* at ¶136); a June 2024 package containing a book and a "black-spot bookmark,"

which Plaintiffs characterize as "a death threat" (*Id.* at ¶137); the publication of Elik's "personal information and security clearance" (*Id.* at ¶138); a June 2025 newsletter that "portrayed [Plaintiffs'] professional collaboration through sexualized descriptions of a purported intimate homosexual relationship" (*Id.* at ¶139); literary quotations Plaintiffs read as "allusions to their deaths" (*Id.* at ¶140); and a September 2025 post including "a poem suggesting Elik's death" (*Id.* at ¶141). Paragraph 142 alleges that these publications form a "personal campaign against Plaintiffs." Paragraph 32 similarly alleges that Wilson used the entities to "advance his personal harassment and intimidation campaigns."

Plaintiffs plead no claim for defamation, harassment, intentional infliction of emotional distress, or threats, and none of these publications is alleged to reproduce a copyrighted work, convey CMI, or use the IvanTheTroll identity. Every one of these events predates the August 2026 postings, and most predate the settled prior actions by years. (*Id.* at ¶¶4, 136–41.) Whether Wilson holds hostile views of Plaintiffs says nothing about whether any Defendant copied their photographs. These allegations are also scandalous by any measure: they accuse Defendants of making death threats and recite sexualized content about Plaintiffs, none of which is needed to plead any claim.

Plaintiffs may argue that these allegations show "deliberate conduct" relevant to willfulness. (*Id.* at ¶143.) They do not. Willfulness concerns knowledge that the conduct at issue infringed a copyright, and the Complaint already pleads that knowledge through the prior litigation, the registrations, and Elik's counterclaims. (*Id.* at ¶¶ 57–59, 118, 120.) Personal animus is not evidence that a defendant knew a

particular posting infringed. Even if marginally relevant, the overwhelming prejudice from accusations of death threats and sexualized ridicule outweighs any probative value. *See* Fed. R. Evid. 403.

Defendants also ask the Court to strike the phrase "harassment campaigns" from ¶143 and the clause in ¶ 60 stating that the August 23, 2026 newsletter "disparaged Elik and discussed purported 'Elikian doctrine' in connection with piracy; it also referred to Larosiere through variants of Fuddbusters." The remainder of ¶ 60, which alleges that the newsletter prompted Elik to inspect DEFCAD.com (*Id.* at ¶ 61), may remain.

C. Character Attacks on Non-Parties and Family Members.

Paragraph 19 alleges that "[a]t least one of the supposed board members of these companies is currently a fugitive from justice." The unnamed individual is not a party, the allegation does not identify the company, the person, or the alleged offense, and it bears no relation to any act of copying. Paragraphs 28 and 29 allege that Wilson replaced his father, Dennis K. Wilson, as an officer of DD Foundation and speculate "[o]n information and belief" that this was an effort "to obscure the disposition of assets." A routine change in officers says nothing about the accused postings. These allegations exist to cast Defendants and their associates in a criminal or sinister light and should be stricken.

D. Accusations of Spoliation.

Paragraph 44 alleges, on information and belief and without any supporting facts, that Defendants "have taken steps to prevent the collection and retention of this

evidence, including by directing third parties to delete or remove this evidence." (*Id.* at ¶44). An unsupported accusation of spoliation pleaded before discovery began is not part of any claim and is plainly prejudicial.

## IV. THE CHALLENGED ALLEGATIONS ARE PREJUDICIAL AND WILL CONFUSE THE ISSUES.

The challenged allegations cause concrete prejudice. First, the Complaint is a public document that may be shown to the jury and circulated by the parties and the press; accusations of death threats, criminal associates, and sexualized ridicule will taint the jury against Defendants on matters the jury will never be asked to decide. Second, by incorporating these paragraphs into every count (*see, e.g., Id.* at ¶¶165, 185, 265 (incorporating *Id.* at ¶¶136–42 into the Lanham Act counts)), Plaintiffs seek to put Wilson's personal views and years of unrelated publications at issue in every claim. That would invite sprawling discovery into newsletters, blog posts, correspondence, and private finances that have no connection to the accused postings, and would require mini trials on collateral disputes such as whether a bookmark was a threat. Third, these allegations require Defendants to admit or deny inflammatory characterizations in their answer, multiplying the proceedings without advancing the resolution of any claim.

Striking these allegations will not prejudice Plaintiffs. Each of their claims remains fully pleaded through the allegations of ownership, registration, copying, the content of the accused pages, Defendants' notice, and the operation of the IvanTheTroll account. (*Id.* at ¶¶56–118, 120, 124–25, 133–35, 145–64.)

## V. THE PARAGRAPHS TO BE STRICKEN

Defendants respectfully request that the Court strike the following:

| Paragraph(s) | Allegation | Ground |
|---|---|---|
| Dkt. No. 1 at ¶19 | Unnamed board member is "a fugitive from justice" | Immaterial; scandalous |
| Dkt. No. 1 at ¶¶28–29 | Removal of Wilson's father as officer; speculation about motive | Immaterial; impertinent |
| Dkt. No. 1 at ¶31 | 2024 demand letters to an unnamed former contractor | Immaterial |
| Dkt. No. 1 at ¶32 | "Personal harassment and intimidation campaigns" | Immaterial; scandalous |
| Dkt. No. 1 at ¶60 (in part) | Newsletter "disparaged Elik . . . referred to Larosiere through variants of Fuddbusters" | Immaterial |
| Dkt. No. 1 at ¶¶126–132 | FedCAD.com and manifesto testimony | Impertinent (alternative request) |
| Dkt. No. 1 at ¶¶136–42 | Vulgar blog post; "death threat"; personal information; sexualized newsletter; death allusions; "personal campaign" | Immaterial; impertinent; scandalous |
| Dkt. No. 1 at ¶143 (in part) | "harassment campaigns" | Immaterial; scandalous |
| Incorporation clauses | References to the foregoing paragraphs in ¶¶ 165, 170, 175, 180, 185, 191, 197, 203, 209, 216, 223, 230, 237, 244, 251, 258, 265, 271, 277, 283 | Conforming deletion |

## VI. CONCLUSION

For these reasons, Defendants respectfully request that the Court strike Paragraphs 19, 28–29, 31–32, 60, 126–132, 136–142, and 143 of the Complaint; and the corresponding incorporation clauses, and grant such further relief as the Court

deems just. In the alternative, Defendants request that the Court strike, at a minimum, Paragraphs 19, 28, 29, 32, 44, and 136–142.

**CERTIFICATE OF GOOD FAITH CONFERENCE PURSUANT TO LOCAL RULE 3.01(g)**

Pursuant to M.D. Fla. Rule 3.01(g), on November 17, 2026, the undersigned conferred with Mr. Zermay[2], Plaintiffs' Counsel, prior to filing the instant motion with the Court. Plaintiff's Counsel opposes the relief sought in the motion.

Dated: November 17th, 2026

Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN& DICKER LLP**

By: *s/Leia V. Leitner*
Leia V. Leitner
Florida Bar No: 105621
111 North Orange Avenue
Suite 1200
Orlando, FL 32801
Telephone: 407-423-7287
Facsimile: 407-648-1376
Leia.Leitner@wilsonelser.com
AlysssaHeitman@wilsonelser.com

*Limited Appearance on behalf of Defendants, Cody Wilson, DEFCAD, Inc. and Defense Distributed*

[2] Mr. Zermay represented that he was appearing at the meet and confer on November 17, 2026 via Teams meeting on behalf of both Plaintiffs.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the **17th** day of **November, 2026**, a true and correct copy of the foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF E-Filing Portal, which will serve an electronic copy of the foregoing on the following: Zachary Z. Zermay, Esq., Florida Bar No: 1002905; Zermay Law, P.A., *Counsel for Plaintiff*, 1200 Fourth Street, #1102, Key West, Florida 33040; Telephone: 305-767-3529; Zach@Zermaylaw.com and info@Zermaylaw.com; Charles (Chad) Flores, Esq., Flores Law PLLC, *Counsel for Defendants, Cody Rutledge Wilson, DEFCAD, Inc., Defense Distributed and Dioskouroi LLC,* 917 Franklin Street, Suite 600, Houston, Texas 77002, Telephone: 713-364-6440, CF@ChadFlores.law; chad-flores-7646@ecf.pacerpro.com and service@chadflores.law.

*/s/Leia V. Leitner*
Leia V. Leitner