**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MATTHEW LAROSIERE and JOHN ELIK,**

**Plaintiffs,**

**vs.** **Case No.: 6:26-cv-2173-JSS-CAB**

**CODY RUTLEDGE WILSON,**
**DEFCAD, INC., DEFENSE DISTRIBUTED,**
**and DD FOUNDATION,**

**Defendants.**
_______________________________________/

# DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANTS' MOTION TO COMPEL ARBITRATION AND INCORPORATED MEMORANDUM OF LAW

Defendants, **CODY RUTLEDGE WILSON**, **DEFCAD, INC.** ("DEFCAD"), and **DEFENSE DISTRIBUTED**, (collectively, "Defendants"), under Federal Rule of Civil Procedure 26(c), Section 3 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 3, the Court's inherent authority to manage its docket, and Local Rule 3.01, move to stay all discovery and Rule 26 obligations, including the Rule 26(f) conference, initial disclosures, and the Case Management Report, until the Court rules on Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim, or, in the Alternative, to Compel Arbitration and Stay, or to Transfer Venue (Dkt. No. [42]) (the "Motion to Dismiss").[1]

[1] Defendants file this Motion without waiving, and expressly preserving, their objection to personal jurisdiction, their right to arbitrate, and their request to transfer.

## I. INTRODUCTION

Defendants have moved to compel arbitration of every claim in this action under the DEFCAD Terms of Service and the DDLegio membership terms. Plaintiffs' own Complaint alleges that every accused file sat behind a paid Legio membership and that "[u]se of these files is governed by the DEFCAD Terms of Service." (Dkt. No. 1 at ¶110.) Plaintiffs' DMCA claims are built on those same Terms. (*Id.* at ¶¶111–17.) Defendants have also moved to dismiss for lack of personal jurisdiction over four Texas defendants, and, in the alternative, to transfer this case to the Western District of Texas.

Each of those motions is a threshold challenge to whether, and where, this case will be litigated at all. Requiring Defendants to engage in full-scale federal discovery while those motions are pending would deprive them of the very benefit the arbitration agreement guarantees: a faster, cheaper, and private forum with arbitral rules governing discovery. As the Supreme Court has recognized, if litigation proceeds while arbitrability is undecided, "many of the asserted benefits of arbitration (efficiency, less expense, less intrusive discovery, and the like) would be irretrievably lost." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 743 (2023) (cleaned up). A short stay is warranted.

## II. PROCEDURAL BACKGROUND

Plaintiffs filed this action on September 21, 2026, asserting copyright infringement, false copyright management information, and Lanham Act false

endorsement claims against Wilson and three Texas entities. (Dkt. No. 1 at ¶¶1, 68.) The Complaint seeks, among other things, an accounting of "revenues, profits, distributions, and download activity," together with "the underlying records necessary to determine the true extent of dissemination." (*Id.* at ¶ 289(h).) It previews broad discovery into website analytics, administrative records, and records Plaintiffs say Defendants failed to produce in earlier litigation. (*Id.* at ¶¶41–42, 45.) It also alleges alter-ego theories built on corporate formalities, cryptocurrency transactions dating to 2018, and asset transfers. (*Id.* at ¶¶ 12–35.)

On November___, 2026, Defendants filed the Motion to Dismiss, which (1) challenges personal jurisdiction under Rule 12(b)(2); (2) seeks dismissal of the DMCA counts under Rule 12(b)(6); (3) in the alternative, moves to compel arbitration and stay this action under 9 U.S.C. §§ 3–4; and (4) in the further alternative, seeks transfer to the Western District of Texas. Defendants also filed a Motion to Strike under Rule 12(f) (Dkt. No. 43). At the time of drafting this Motion, no discovery has been exchanged.

## III. LEGAL STANDARD

District courts have broad discretion to stay discovery as an incident of their inherent power to control their dockets. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Rule 26(c) authorizes the Court, for good cause, to issue an order protecting a party from "annoyance, embarrassment, oppression, or undue burden or expense," including by forbidding discovery or specifying its timing. Fed. R. Civ. P. 26(c)(1)(A)–(B). The Eleventh Circuit has

instructed that facial challenges to the legal sufficiency of a complaint "should . . . be resolved before discovery begins," because discovery imposes costs that are unwarranted where a claim or defense may fail as a matter of law. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367–68 (11th Cir. 1997).

Courts in this District recognize that stays of discovery are not favored as a general matter, and in deciding whether to grant one, they take a "preliminary peek" at the merits of the pending dispositive motion to determine whether it appears "clearly meritorious and truly case dispositive." *See Feldman v. Flood*, 176 F.R.D. 651, 652–53 (M.D. Fla. 1997). The Court balances the harm caused by a delay in discovery against the possibility that the motion will be granted and eliminate the need for discovery entirely. *Id.* at 652; *see also Suarez-Valdez v. Shearson Lehman, Inc.*, 858 F.2d 648, 649 (11th Cir. 1988) (Tjoflat, J., *concurring*) ("The district court erred in refusing to stay discovery. An agreement to arbitrate is an agreement to proceed under arbitration and not under court rules [like the Fed. R. Civ. P.] . . . ") (citations omitted).

## IV. DISCOVERY SHOULD BE STAYED PENDING RESOLUTION OF THE MOTION TO COMPEL ARBITRATION.

### A. Proceeding with Discovery Would Destroy the Benefits of the Arbitration Agreement.

The FAA reflects a "liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Parties choose arbitration in large part to avoid the cost and scope of federal discovery. In *Coinbase,* the Supreme Court recognized that, "[i]f the district court could move forward with



403204024v.1

pre-trial and trial proceedings while the appeal on arbitrability was ongoing, then many of the asserted benefits of arbitration (efficiency, less expense, less intrusive discovery, and the like) would be irretrievable—even if the court of appeals later concluded that the case actually had belonged in arbitration all along" 599 U.S. at 743. The same reasoning applies with equal force before the district court decides the question in the first instance. If Defendants are compelled to produce documents, answer interrogatories, and sit for depositions under the Federal Rules, they will have lost the benefit of their bargain regardless of how the Court ultimately rules.

Further, once the Court determines that the claims are arbitrable, Section 3 of the FAA requires that the action be stayed. 9 U.S.C. § 3; *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024). Discovery taken in the interim would be conducted under rules the parties did not agree to and could be used to circumvent the arbitrator's control over discovery. And where, as here, the agreement delegates questions of arbitrability to the arbitrator, the Court's role is limited, which makes discovery on the merits even less appropriate. *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 68–69 (2019).

B. The Motion to Compel Arbitration Is Clearly Meritorious.

A preliminary peek confirms that the motion is strong. Plaintiffs' own allegations establish their assent to, and reliance on, the governing Terms. Each accused file "required a paid membership to Defendants' Legio service in order to download," and Larosiere downloaded every one of them. (Dkt. No. 1, at ¶¶ 48, 63.) Elik used the IvanTheTroll DEFCAD account. (*Id.* ¶ 150.) Plaintiffs' DMCA claims

rest on the parties' express statement that "[u]se of these files is governed by the DEFCAD Terms of Service" and on Sections 2.2 and 3.0 of those Terms. (*Id.* ¶¶ 110–17.) Thus, at a minimum, the motion presents substantial questions the Court must resolve before the case proceeds in this forum.

## V. THE PENDING PERSONAL-JURISDICTION AND TRANSFER CHALLENGES INDEPENDENTLY WARRANT A STAY.

The Motion to Dismiss also challenges this Court's personal jurisdiction over the Defendants. A defendant should not be compelled to undertake the burdens of merits discovery in a forum that may lack power over it. Every Defendant resides in or is organized under the laws of Texas, with principal operations in Austin. (Compl. ¶¶ 7–10.) The only Florida contact alleged is Larosiere's own download from Orlando (*Id.* ¶ 48), and co-Plaintiff Elik is an Illinois resident (*Id.* at ¶6).

A stay is also warranted because Defendants alternatively seek transfer to the Western District of Texas; discovery deadlines, protective orders, and disputes should be governed by the court that will preside over the case. To the extent Plaintiffs contend they need jurisdictional discovery, any such request should be raised by motion and narrowly tailored to the contested jurisdictional facts, not used to open full merits discovery.

## VI. THE BALANCE OF HARMS FAVORS A STAY.

Defendants will suffer significant prejudice without a stay. Plaintiffs' Complaint previews sweeping discovery into Defendants' revenues, distributions, membership records, website analytics, internal communications, corporate formalities, and

personal and corporate finances dating back to 2018. (Dkt. No. 1, at ¶¶ 12–35, 41–45, 289(h).) Those requests would impose substantial expense on Defendants and intrude into confidential business and financial information, all of which may prove unnecessary if the case is arbitrated, dismissed, or transferred. Many of those topics are also the subject of Defendants' pending Motion to Strike. (Dkt. No. 43.)

Plaintiffs, by contrast, will suffer no meaningful prejudice from a brief stay. The motions are fully briefed or will be shortly, and a stay will be limited to the time needed for the Court to rule. Plaintiffs' claims for damages will not be impaired by a short delay, and Defendants are under a continuing obligation to preserve relevant evidence.

And, finally, a stay promotes judicial economy. Resolving the threshold questions first will determine whether discovery proceeds in this Court, in arbitration, or in the Western District of Texas, and will avoid discovery disputes this Court may never need to decide.

## VII. REQUESTED RELIEF

Defendants respectfully request that the Court enter an order: (1) staying all discovery, including initial disclosures under Rule 26(a)(1), the Rule 26(f) conference, and the filing of a Case Management Report, pending the Court's ruling on the Motion to Dismiss, including the alternative motion to compel arbitration and motion to transfer; (2) directing the parties, within fourteen days after the Court's ruling, to confer and file a Case Management Report if the case remains in this Court; and (3) granting such further relief as the Court deems just. In the alternative, Defendants

request that the Court limit any discovery to jurisdictional discovery narrowly tailored to the issues raised in the Motion to Dismiss.

**CERTIFICATE OF GOOD FAITH CONFERENCE PURSUANT TO LOCAL RULE 3.01(g)**

Pursuant to M.D. Fla. Rule 3.01(g), on November 17, 2026, the undersigned conferred by phone with Mr. Zermay[2], Plaintiffs' Counsel, prior to filing the instant motion with the Court. Plaintiffs oppose the motion to the extent it would bar discovery on jurisdiction and arbitrability. Defendants do not object to limited discovery on those issues, but request that discovery on Plaintiffs' substantive copyright and DMCA claims be stayed.

Dated: November 17, 2026

Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN& DICKER LLP**

By: *s/Leia V. Leitner*

Leia V. Leitner
Florida Bar No: 105621
111 North Orange Avenue
Suite 1200
Orlando, FL 32801
Telephone: 407-423-7287
Facsimile: 407-648-1376
Leia.Leitner@wilsonelser.com
Alyssa.Heitman@wilsonelser.com

[2] Mr. Zermay represented that he was appearing at the meet and confer on behalf of both Plaintiffs.

*Limited Appearance on behalf of Defendants, DEFCAD, Inc., Defense Distributed, and Cody Wilson*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 17 day of **November, 2026**, a true and correct copy of the foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF E-Filing Portal, which will serve an electronic copy of the foregoing on the following: Zachary Z. Zermay, Esq., Florida Bar No: 1002905; Zermay Law, P.A., *Counsel for Plaintiff*, 1200 Fourth Street, #1102, Key West, Florida 33040; Telephone: 305-767-3529; Zach@Zermaylaw.com and info@Zermaylaw.com; Charles (Chad) Flores, Esq., Flores Law PLLC, *Counsel for Defendants, Cody Rutledge Wilson, DEFCAD, Inc., Defense Distributed and Dioskouroi LLC,* 917 Franklin Street, Suite 600, Houston, Texas 77002, Telephone: 713-364-6440, CF@ChadFlores.law; chad-flores-7646@ecf.pacerpro.com and service@chadflores.law.

*/s/Leia V. Leitner*
Leia V. Leitner