United States District Court
Middle District of Florida
Orlando Division

MATTHEW LAROSIERE and JOHN ELIK,

Plaintiffs,

v. Case No. 6:26-cv-2173-JSS-LHP

CODY RUTLEDGE WILSON; DEFCAD, INC.;
DEFENSE DISTRIBUTED; AND
DD FOUNDATION LLC,

Defendants.

---

## *Time Sensitive:* Defendant DD Foundation LLC's Short-Form Motion for a Protective Order Staying Discovery Pending Resolution of Document 23

Defendant DD Foundation LLC requests (1) an interim discovery stay to let this short-form motion be fully briefed and decided with full submissions, and (2) a stay of discovery against DD Foundation LLC until the Document 23 motion is resolved. Plaintiffs mailed the requests at issue on October 25, with responses due November 27. Exs. A–D. So this motion respectfully requests its interim relief by November 25, giving full time to assess the motion's main request.

## I. Preliminary Relief

Preliminarily, the Court should issue an order staying Plaintiffs' discovery against DD Foundation LLC for the time it takes to receive a normal response to this motion and decide it with full briefing. The requested discovery is not urgent, and

DD Foundation consents to extending Plaintiffs' December 14 response deadline for Document 23 by the same period.

## II. Primary Relief

On full consideration, the Court should stay Plaintiffs' discovery against DD Foundation LLC until Document 23 is resolved. *See* Doc. 23 at 2; Doc. 31 at 2, 4–9. Merits discovery should, of course, await the jurisdictional and arbitrability rulings; discovery on those threshold issues should likewise be stayed.

Jurisdictional discovery should wait because the Rule 12(b)(2) challenge tests only what the Complaint pleads—not proof. So the pleadings-based decision should come first. *See id.* And since Plaintiffs "never formally moved" for any jurisdictional discovery, they aren't entitled to it. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1280–81 (11th Cir. 2009).

Arbitrability discovery should await the Court's forthcoming determination, in resolving Document 23, of whether "the making of the arbitration agreement" is genuinely "in issue." 9 U.S.C. § 4. Document 50 did not decide that. It extended Plaintiffs' *filing deadline* to let them develop their own evidence, which they have done. Docs. 39-1, 39-2. But Document 50 did not decide whether formation discovery against DD Foundation is warranted. The Court may resolve that in due course, but until it does, no party should proceed as though it already has. At a minimum, even if some formation discovery proceeds now, the Court should stay

the jurisdictional and merits requests and require Plaintiffs to conform their requests accordingly.

The balance establishes good cause: DD Foundation faces substantial burdens from 73 requests for extensive material that Document 23 could render unnecessary. Exs. A, C; *see Feldman v. Flood*, 176 F.R.D. 651, 652–53 (M.D. Fla. 1997). Plaintiffs suffer no corresponding prejudice: DD Foundation consents to preserving their response time, and Plaintiffs themselves propose 90 additional days for discovery before responding to the other Defendants' motion. Ex. E.

**Conclusion**

Preliminarily, the Court should stay discovery against DD Foundation LLC until this motion is decided. Then the Court should stay all discovery against DD Foundation LLC until 30 days after Document 23 is resolved; or alternatively, stay at least all discovery except what Plaintiffs identify as formation discovery (RFAs 1-2, 13-15, 24–38, 41-42; RFPs 8, 12, 13, 16 18, 19, 21; Elik Interrogatories 1, 3, 4; and Larosiere Interrogatory 1).

Respectfully submitted,

/s/ Chad Flores
Chad Flores
chad@chadflores.law
Texas Bar No. 24059759
Flores Law PLLC
917 Franklin Street, Suite 600
Houston, Texas 77002
T (713) 364-6640 | F (832) 645-2496

Counsel for DD Foundation LLC

**Local Rule 3.01(g) Certification**

DD Foundation LLC certifies that counsel for DD Foundation LLC conferred with Plaintiffs' counsel by telephone on November 23 to determine that the Plaintiffs oppose the motion as to both of its requests for relief.