**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MATTHEW LAROSIERE and JOHN ELIK,

Plaintiffs, Case No. 6:26-cv-2173-JSS-LHP

v.

CODY RUTLEDGE WILSON; DEFCAD, INC.; DEFENSE DISTRIBUTED; and DD FOUNDATION LLC,

Defendants.
___________________________________/

**PLAINTIFFS' SHORT-FORM MOTION TO COMPEL INSURANCE DISCLOSURE**

Under Federal Rule of Civil Procedure 37(a)(3)(A) and the Court's Standing Order on Discovery Motions, Plaintiffs move to compel Defendants Cody Rutledge Wilson, DEFCAD, Inc., and Defense Distributed to disclose the complete insurance agreement Rule 26(a)(1)(A)(iv) requires.

Plaintiffs have endeavored to get this agreement without involving the Court. Defendants' disclosures were initially due November 16. Doc. 34. Defendants served disclosures that day but withheld the insurance agreement, saying it would follow "under separate cover." Ex. A at 8. Plaintiffs asked for it on November 17 and received no response. Ex. B at 1.

That same day, the Court reset the deadline to November 20. Doc. 40. On November 19, Defendants said only that the policy was "still" coming. Ex. B at 2. Only after a motion to compel was threatened, Defendants produced a substantially redacted version. Ex. B at 2–3; Ex. C at 2. They also withheld the application, which the policy makes part of "the entire contract." Ex. C at 3. Pressed for the complete agreement, Defendants claimed confidentiality for the first time and refused to produce more unless the Court entered their proposed protective order. Ex. B at 5. Plaintiffs offered to treat it as confidential under Defendants' terms to avoid motion practice while the parties ironed out an agreed protective order; Defendants refused. Ex. B at 6. After refusing these compromises again at the parties' November 23 conference, when Plaintiffs indicated they would file this motion, Defendants produced some of the missing material, again redacted, down to the "defcad.com" email domain that appeared unredacted on the declarations page, and incomplete. Ex. B at 7; Ex. C at 1, 4–12. The application answers "Yes" to prior cyber claims and directs the applicant to "attach loss detail herewith," but no loss detail was produced, and neither was the "Subjectivities" document whose signing record was attached. Ex. C at 5, 12.

Rule 26(a)(1)(A)(iv) requires a party to provide, without awaiting a request, "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment." It has no exception for

terms a party would rather keep private. *Hammer v. PHI, Inc.*, No. 6:16-cv-01048, Doc. 153 at 2–3 (W.D. La. Aug. 16, 2019).

A party that wants to withhold part of a required disclosure must ask the Court for protection. Defendants never did. "Communicating to opposing counsel a party's objections to production, without timely bringing the matter to the attention of the Court, is not adequate under Rule 26(c)." *Cornell Pump Co. v. Thompson Pump & Mfg. Co.*, No. 6:17-cv-847-Orl-41TBS, 2018 WL 3827248, at *3 (M.D. Fla. Feb. 22, 2018). An incomplete disclosure is treated as a failure to disclose. Fed. R. Civ. P. 37(a)(4).

Plaintiffs ask the Court to order Defendants to produce, within seven days and without redaction, the complete policy, the signed application, the loss detail referenced in the application, and the Subjectivities document, and to award Plaintiffs their reasonable expenses under Rule 37(a)(5)(A).

Dated: November 24, 2026

Respectfully submitted,

/s/ Zachary Z. Zermay
Zachary Z. Zermay
Florida Bar No. 1002905
Zermay Law, P.A.
3000 Coral Way, Suite 1115
Coral Gables, FL 33145
(305) 767-3529
zach@zermaylaw.com
Lead Counsel for Plaintiffs

/s/ Matthew Larosiere
Matthew Larosiere
Florida Bar No. 1005581
The Law Office of Matthew Larosiere
6964 Houlton Cir.
Lake Worth, FL 33467
(561) 452-7575
larosieremm@gmail.com
Counsel for Plaintiff John Elik

## LOCAL RULE 3.01(g) CERTIFICATION

Plaintiffs' counsel conferred with Defendants' counsel by videoconference on November 23, 2026, about the relief requested in this motion. Defendants oppose the motion.

*/s/ Matthew Larosiere*
Matthew Larosiere

## CERTIFICATE OF SERVICE

I certify that on November 24, 2026, I filed this motion and its attachments through CM/ECF, which will serve all counsel of record.

*/s/ Matthew Larosiere*
Matthew Larosiere