**EXHIBIT B**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MATTHEW LAROSIERE and JOHN ELIK,
Plaintiffs,

v. Case No. 6:26-cv-2173-JSS-LHP

CODY RUTLEDGE WILSON; DEFCAD, INC.;
DEFENSE DISTRIBUTED; and DD FOUNDATION LLC,
Defendants.
_______________________________________/

**DECLARATION OF MATTHEW LAROSIERE IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

I, Matthew Larosiere, declare from personal knowledge:

1. I am a plaintiff in this case. John Elik and I signed an employment agreement on May 1, 2021. At my direction, Mr. Elik wrote the SF5 Build Tutorial and took the 50 SF5 and 96 Amigo Grande photographs identified in Exhibit D. We agreed that I owned the copyrights in that work from its creation. We also signed assignments for the Amigo Grande works on February 27, 2022, and SF5 works on October 28, 2023, to transfer to me any rights Mr. Elik may have retained in the works they identified. On April 14, 2025, we signed a separate agreement assigning me the copyrights in the six 10/22 photographs at issue.

2. The SF5 tutorial, the 50 SF5 photographs, the 96 Amigo Grande photographs, and the six 10/22 photographs at issue are mine. I did not authorize Defendants, ThirdEyeAgent, or TexasRanger to publish them, sell access to them, give copies away, place advertisements beside them, grant sublicenses, or use them in GatGPT. I do not want my works offered on those terms.

3. After the earlier cases, I checked the prior postings of my works and found that they had come down. In August 2026, Mr. Elik told me the Defendants were at it again. On August 29, from a computer in Orlando, Florida, I downloaded the packages from all seven media pages identified in Exhibit E. At that time downloading

required a paid LEGIO membership. I do not have a DEFCAD or LEGIO account or membership of my own.

4. The SF5 media page named ThirdEyeAgent as creator. The six others named TexasRanger. The August pages and metadata in Exhibit E identify those accounts and name DEFCAD as publisher. The SF5 page title did not mention the Amigo Grande. I found the Amigo Grande material inside the SF5 package, where I would not have known to look from the title alone.

5. The files I obtained on August 29 are the files Mr. Elik reviewed for the comparisons in Exhibit D. The August captures and download records in Exhibit E accurately show the pages and files I saw when I made those downloads.

6. After we filed suit on September 21, I continued checking the postings. On September 27, I opened each of the postings for each of the works at issue while signed out and downloaded each work at issue without signing in or paying. An advertisement for various firearms-related companies, such as T-Rex Arms and SIG appeared alongside each of the works at issue when searching for them. Exhibit E shows the pages from which the works could be downloaded along with the advertisements as I saw them.

7. I compared that file with the one I had obtained in August. They were identical in all respects.

8. By November 19, 2026, I had followed each of the seven August addresses again. Each took me to a broader project page with a media section. The SF5 page still named ThirdEyeAgent; the other six now named IvanTheTroll. Each displayed "No license" and stated: "The contributor has not attached a license to this release. Use of these files is governed by the DEFCAD Terms of Service." I had not licensed my works to DEFCAD between the August and November visits.

9. Each of those seven pages also displayed "Remix in GatGPT." The link on the 3011 Double Stack page identified that project by name and number. I reviewed the October 22 DD LEGIO announcement and the GatGPT service page reproduced in Exhibit G, GatGPT Announcement and Service Pages. They accurately show the

announcement and service offering I saw. DD LEGIO advertised access to "all of the live files" and the ability to "remix existing designs." The service page offered paid plans and said a paid DEFCAD membership was required.

10. On November 18, 2026, I checked the seven postings again by visiting the same web address. Every work identified in the complaint as then available remained available.

11. I cannot tell from DEFCAD's public pages who downloaded my works, who received copies afterward, or what any individual GatGPT customer received. The earlier postings came down, yet I found the same works again under different names. Even after Mr. Elik alerted me to the posting, its title gave no signal of which of my works I would find inside.

12. I request that the Court waive security or, alternatively, set a nominal cash bond of $100. I did not authorize Defendants to distribute my works. On September 27, I downloaded each of the works at issue without an account and without paying Defendants anything.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 19, 2026 in Orlando, Florida.

M Larosiere

Matthew Larosiere