**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MATTHEW LAROSIERE and
JOHN ELIK,

Plaintiffs,

Case No. 6:26-cv-2173-JSS-LHP

v.

CODY RUTLEDGE WILSON;
DEFCAD, INC.; DEFENSE
DISTRIBUTED; and DD
FOUNDATION LLC,

Defendants.
__________________________________/

## ORDER

Plaintiffs Matthew Larosiere and John Elik move for a preliminary injunction against Defendants Cody Rutledge Wilson, DEFCAD, Inc., Defense Distributed, and DD Foundation LLC. (Dkt. ___.) Having considered the motion, the parties' submissions, and the record, the Court grants the motion.

## BACKGROUND

Elik wrote the written work and took the photographs listed in Schedule A to this Order. The written work and photographs are registered with the United States Copyright Office. Elik owns some of the registered works, and Larosiere owns the rest by written assignment. On August 29,

2026, Larosiere downloaded seven media packages from defcad.com. Together they contained complete reproductions of Plaintiffs' 226 registered works.

This is not the first dispute over these works. Earlier postings of the SF5 and Amigo Grande material came down after prior litigation, and the same works later reappeared under new titles alongside additional registered works.

Plaintiffs filed this action on September 21, 2026. Since then, the pages have changed such that at least some of the works can be downloaded without a paid account. Six of those pages now credit IvanTheTroll, a profile bearing Elik's pseudonym but created and operated by Defendants' personnel over Elik's objection. Each page tells visitors that use of the files "is governed by the DEFCAD Terms of Service," under which the uploader grants DEFCAD a license to the files. Each page also invites visitors to "Remix in GatGPT," an artificial intelligence service that DD LEGIO advertises as having access to the files on DEFCAD.

## LEGAL STANDARD

A preliminary injunction may issue only if the movant shows (1) a substantial likelihood of success on the merits, (2) that irreparable injury will be suffered unless the injunction issues, (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party, and (4) that the injunction would not be adverse to the public

interest. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc). An order granting an injunction must state the reasons it issued, state its terms specifically, and describe in reasonable detail the acts restrained. Fed. R. Civ. P. 65(d)(1).

## DISCUSSION

### A. Likelihood of Success

Plaintiffs are substantially likely to succeed on their claim for copyright infringement. To prevail, a plaintiff must show ownership of a valid copyright and copying of original elements of the work. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). The registration certificates are *prima facie* evidence of validity, 17 U.S.C. § 410(c), and Plaintiffs' declarations establish their ownership. The side-by-side comparisons show that the downloaded files are identical to the registered works. Neither Plaintiff authorized the postings. Defendants' suggestion that Elik licensed these works by contributing other projects years ago does not account for works he never uploaded, and wholesale copying of works is not likely to be found a fair use.

Plaintiffs are also likely to succeed on their claim under 17 U.S.C. § 1202(a). The pages credited the works to accounts that did not create them and represented that the files were available under DEFCAD's license terms. Six of those pages now attach that representation to Elik's pseudonym,

though he supplied none of the copies and had asked that the profile be deleted. The prior dispute over these works, the reappearance of the same material under new titles, and the continued distribution after this suit was filed support the inference that Defendants supplied this information knowingly and to facilitate or conceal the infringement.

**B. Irreparable Harm**

Irreparable harm is not presumed, *N. Am. Med. Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1228 (11th Cir. 2008), but Plaintiffs have shown it. Each download places a complete copy of their work with a recipient they cannot identify and from whom they cannot recover it. Defendants have shown that removing the works once does not keep them down: the same works returned mere months later, and access widened after this suit was filed. Copies generated through GatGPT would reach individual users without any public posting at all. A later award of damages cannot restore Plaintiffs' control over their copyrighted works.

**C. Balance of Harms and Public Interest**

The injunction imposes little burden on Defendants. DEFCAD and Defense Distributed have shown in other proceedings that they can restrict access to particular works, and this Order allows them to remove Plaintiffs' works from a package while keeping the rest of their platforms online. Any revenue lost by no longer offering Plaintiffs' works without permission weighs

little. The public interest is served by protecting copyrights and by accurate information about who created a work and who may license it.

**D. Scope**

Because the infringing material has already reappeared under new titles and alongside works not involved in the earlier dispute, an order limited to the works Plaintiffs have found so far would leave the same conduct free to recur with others. The bar on reproduction therefore extends to Plaintiffs' other registered works, identified by registration number in Schedule A or in a written notice as provided below, so that those bound know exactly what is covered.

**E. Security**

The Court has discretion to require no security. *BellSouth Telecomms., Inc. v. MCIMetro Access Transmission Servs., LLC*, 425 F.3d 964, 971 (11th Cir. 2005). Defendants have no right to distribute Plaintiffs' works, the Order leaves the rest of their content untouched, and the record shows no likely loss from complying with it. No bond is required.

## CONCLUSION

Accordingly, it is ORDERED:

1. Plaintiffs' Motion for Preliminary Injunction (Dkt. ___) is GRANTED.

2. This Order binds DEFCAD, Inc. and Defense Distributed; their officers, agents, servants, employees, and attorneys; and other persons in active concert or participation with any of them who receive actual notice of this Order. It binds Cody Rutledge Wilson and DD Foundation LLC to the extent they act in any of those capacities. Fed. R. Civ. P. 65(d)(2).

3. No person bound by this Order may reproduce, without the copyright owner's authorization, any work registered with the United States Copyright Office in which Matthew Larosiere or John Elik owns the exclusive right of reproduction and that is identified by registration number either in Schedule A or in a written notice that Plaintiffs serve on Defendants' counsel. A work identified in a written notice is covered beginning three days after service of the notice.

4. No person bound by this Order may distribute, publicly display, or make available for download a work listed in Schedule A, through DEFCAD, DD LEGIO, GatGPT, or any other service that person operates or controls, without the copyright owner's authorization.

5. Within seventy-two hours after receiving actual notice of this Order, each person bound by it must disable public access to every copy of a Schedule A work under that person's control, including access through any download or retrieval function.

6. No person bound by this Order may identify anyone other than the copyright owner as the author or owner of a Schedule A work, or represent that DEFCAD, an account holder, or John Elik has granted or may grant permission to reproduce, distribute, or sublicense it.

7. Within seven days after this Order is entered, DEFCAD, Inc. and Defense Distributed shall file a notice describing the steps they have taken to comply with paragraphs 4 and 5.

8. Security under Federal Rule of Civil Procedure 65(c) is waived.

9. This Order remains in effect until final judgment or further order of the Court.

DONE and ORDERED in Orlando, Florida, on __________, 2026.

______________________________
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record

## SCHEDULE A

Schedule A identifies the 226 distinct works by copyright registration number and by the DEFCAD media package in which copies appeared on August 29, 2026.

| **DEFCAD package** | **Works reproduced in that package** |
|---|---|
| SF5-3EYE-Remix_V1.0 BETA Media | SF5 Build Tutorial (TX0009372196); 50 SF5 photographs (VA0002381769); 96 Amigo Grande photographs (VA0002381513) |
| Ivan’s 3D Printable 10/22 Receiver – Media | 6 photographs (VA0002449526) |
| 3011 Printable 1911 Frame – Media | 1 photograph (VA0002479454); 44 photographs (VA0002499002) |
| 3011 Double Stack Media | 43 photographs (VA0002499002), also in the preceding package; 3 photographs (VA0002498997) |
| Plastikov V3.0 3D Printable AKM Receiver – Media | 2 photographs (VA0002479454); 21 photographs (VA0002498997) |
| Printable Case Deflector AR15 – Media | 1 photograph (VA0002498997) |
| UBAR2 Printable AR-15 Lower Media | 1 photograph (VA0002479454) |